Martin, J.
delivered the opinion of the court. The petition states, that the defendant, in 1781, erected a shed, between the levee and the river, in the city of New-Orleans, in order to carry on some carpenter’s work for the Spanish government, and established near it a deposit of timber. In the month of January of the following year, the cabildo ordered the shed, timber, &c. be *3 tween the levee and the river, to be removed; but on the solicitation of the defendant, he was afterwards allowed to use his shed and the neighboring ground as a deposit of timber, on condition that he should cause no inconvenience to the public; whereupon, he erected other wooden edifices or sheds, and fenced in a large space of ground around them, to the prejudice of the public and to the hindrance of the common use of the bank of the river in the centre of the front of the city.
East’n. District.
Dec. 1815.
That the city council, wishing to allow to the navy of the United States a sufficient space for the building and repairing of ships, and to extend this facility to ship builders, as far as public convenience would allow, authorised the officer commanding the naval forces of the United States in New-Orleans to fix the boundaries of the navy-yard of the United States, and those of a private yard to each of the ship-builders in the city—and this was accordingly done.
That the defendant, having manifested an intention to oppose the views of the city council in this respect, was ordered, by a resolution of that body of the 16th of November 1809, to confine himself within the limits allowed him by the commodore; and the officers of the police were ordered, in case of his obstinacy, to remove any *4 timber or other materials which he might place beyond the said limits.
That, on this, the defendant obtained, from the superior court of the late territory, an injunction staying the execution of the resolution of the city council.
The petition averring, that the spot thus occupied by the defendant is public property, concludes with a prayer that he may be decreed to clear it.
The defendant resists the plaintiffs’ suit, pleading the injunction obtained from the superior court in bar, averring that the suit in which it was obtained is still pending and undetermined.—He alleges that he has been in possession for upwards of thirty years, and claims the benefit of the prescription arising therefrom. He sets forth the confirmation of his title by the land commissioners of the United States, and concludes that the ground in question is private property. He denies that his establishment is a nuisance; and lastly, controverts the right of the plaintiff to complain of his encroachment, if really he did encroach.
The parish court having overruled the pleas relating to the injunction and the plaintiffs’ right *5 to sue, the defendant took a bill of exceptions to the opinion of the court in this respect.
The cause was tried by a jury, who found for the plaintiffs, and there was judgment accordingly.
The defendant appealed.
The statement of facts made by the parish judge is as follows:
“Some time before the year 1781, the defendant obtained from the Spanish government the grant of a lot of ground in the city of New-Orleans, close to the levee, on which he built the house in which he now lives. Afterwards, and still before the year 1781, he built a shed, opposite to his house, on the bank of the river, outside of the levee, in order more easily to work on some vessels he was repairing for the Spanish government.
“In the year 1781, the cabildo of the city of New-Orleans ordered the shed to be pulled down, as obstructing the bank of the river; but soon after (on the 19th of January of that year) that body, on the defendant’s petition praying that the shed which he had built in front of the river, to facilitate the work he was charged with, by order of the Intendant, might be suffered to remain, and that he might be allowed to keep near it some timber which was there for said *6 work, without incommoding the public in any manner, considering the real necessity which existed, allowed the prayer of the petition, until the vessels and boats destined for the expedition against Pensacola should be dispatched and gone out of the port.
“Since that time the defendant remained in possession of the shed, and enclosed a great part of the bank of the river near it for a ship-yard.
“In the year 1809, the city council directed the Mayor to cause the shed on the levee to be pulled down, as obstructing the the bank of the river; but the defendant filed a petition in the superior court of the territory praying for relief, ond obtained from one of the judges an injunction not to molest or in any manner trouble the petitioner in his enjoyment or possession, which suit is as yet undetermined.
“In the same year, the city council desired the naval commander of the United States in the station to distribute the bank of the river among the ship carpenters of the city, in order to allow to each a spot sufficient for his work; and that officer having complied with the resolution of the council, the defendant refused to keep his timber within the limits allowed him; a part of it was thereupon seized and sold by order of the Mayor, and the defendant instituted a suit in *7 which he obtained a new injunction, and finally recovered damages to the amount of one hundred and fifty dollars.
"It was proven in this suit, by the surveyors and overseers of the city, that there are eighty feet between the levee and the river, at low water, in the place where the defendant has his ship-yard, which occupies one hundred and thirty-two feet along the levee, and sixty-four in depth between it and the river; that the yard is surrounded by a high fence, and is situated on a part of the bank of the river and the landing place of the port of New-Orleans, where ships are repaired; that they consider the shed and inclosure as an obstruction to the public use, to which the banks and landing places of navigable rivers are subject."
Annexed to the record is a certificate of the land commissioners of the United States, confirming the defendant’s title to the ground between the levee and the first houses in front of the city; but, the board do not appear to have considered themselves at liberty to confirm the title to the ground between the levee and the river; which is the object of the present suit.
Annexed also is the record of the suit in the superior court, on which an injunction was obtained.
*8 It appears to this court, that the spot which the defendant inclosed is really a part of the common or public land, which is out of commerce, incapable of being alienated, and must ever be free to the inhabitants and strangers; that the defendant can have no right, claim or title thereto, except in common with the rest of the community.
But he resists the plaintiffs’ suit: 1st. Because they are enjoined by the superior court not to molest or in any manner trouble the petitioner (the defendant) in the enjoyment or possession of the premises. 2d. Because he has possessed for thirty years and has acquired a right to the premises by prescription. 3d. Because the commissioners of the United States have confirmed his title. 4th. Because his establishment is not a nuisance. 5th. Because he has a right thereto under the permission of the cabildo. 6th. Because the present plaintiffs are without capacity to institute the present suit.
I. The injunction alluded to was not issued by the court on a final judgment, but by a judge at chambers in limine litis, on the ex parte application of the then plaintiff, now defendant. It was a conservatory measure, the sole object of which was to preserve matters in statu quo till *9 judgment. It does not affect the right of the present plaintiffs; it prevents only voies de fait, any actual disturbance by their sole act; to seek by legal means to ascertain and establish a contested right is no molestation or trouble.
The terms molestation and trouble, always convey the idea of some injustice; the parish judge was therefore correct in disregarding the defendant’s allegation in this respect.
II. The premises not being susceptible of alienation, cannot be acquired by prescription which supposes a title fairly acquired, but not now susceptible of proof.
III. The commissioners of the United States did not confirm the title of the defendant to the ground in dispute.
IV. The defendant’s establishment is a nuisance, because it obstructs the free use which the inhabitants and strangers have a right to make of the premises. The defendant’s counsel contends that he, being a carpenter and necessarily engaged in the repair of ships, which cannot conveniently be effected any where, except on the very margin of the river, has a right to occupy there as much ground as is necessary for his workmen to work upon, for laying his *10 necessary supply of timber, keeping his tools, &c. as a fisherman may fasten his bark to the trees growing there, and may use a spot to dry his net or sell his fish. This is true; but, as the fisherman could not justify the inclosure of a space of ground on the bank of the river, for the safety of his net when spread to be dried, nor the erection of a warehouse for the storage of his fish; the carpenter cannot justify the erection of a permanent shed or building for the safety of his tools, or the materials which he uses, nor to fence the ground for the protection of the timber which it may be his interest to accumulate. III Part. tit. 28 l. 6.
V. The permission of the cabildo, or the exemption granted by that body to the defendants from his immediate compliance with their order to clear up the premises was temporary, and had expired by his own limitation. If its duration had not been limited, it could only have given at best an estate on sufferance.
VI. The inhabitants of the city of New-Orleans were incorporated with a view to the better preservation and defence of their common rights. If the enjoyment of any of these be obstructed, individuals of the corporate body may in certain cases maintain an action, but these rights would *11 be easily invaded if the corporate body was not enabled to enforce them. It would ill suit the interest of any individual to incur the trouble and expense of vindicating the rights of the whole, by a suit in his private name.
Moreau for the plaintiffs. Mazureau for the defendant.*
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs, to be paid by the defendant and appellant.