(February 11, 1920.)

ANTHONY VON PADUA, Respondent, v. AMERICAN TYPE FOUNDERS COMPANY, a Corporation, Appellant.

[187 Pac. 793.]

LANDLORD AND TENANT—IMPLIED PROMISE TO PAY RENT FOR USE AND OCCUPATION OF PREMISES.

1. Where a party occupies the premises of another, without any agreement for the payment of rent, the law implies a promise on the part of the occupant to pay for the use and occupation of such premises the reasonable rental value thereof, unless an agreement is proven to exist between the parties that the occupancy was to be without rent.

2. Where one in possession of personal property places it upon certain premises, and retains it thereon, the use and occupation of the premises is by him who has possession of the property.

APPEAL from the District Court of the Third Judicial District, for Ada County.   Hon. Charles P. McCarthy, Judge.

Action to recover rental for use and occupation of premises.   Judgment for plaintiff.   *Reversed.*

Elliott & Healy, for Appellant.

"From mere occupation of land, without showing any permission by the owner, or any recognition of his title, the law implies no promise to pay him for its use." (*Eastman v. Howard,* 30 Me. 58, 50 Am. Dec. 611; *Janouch v. Pence,* 3 Neb. (Unof.) 867, 93 N. W. 217; *Pike v. Bright,* 29 Ala. 332; *Brayton v. Boomer,* 131 Iowa, 28, 29, 107 N. W. 1099.)

Frawley & Koelsch, for Respondent.

"The law, in the absence of all evidence to the contrary, will imply the existence of the relation of landlord and tenant between two parties, where one owns land, and, with his knowledge and permission, such land is used and occupied by another.   If the tenant's use and occupation has been beneficial to him, that is sufficient from which to imply a promise on his part to pay a reasonable compensation for such use and occupation." (*Skinner v. Skinner,* 38 Neb. 756, 57 N. W. 534; *W. C. Walsh & Co. v. Taylor,* 142 Ill. App. 46; 18 Ency. Law, 2d ed. 266; *Rodman v. Davis,* 34 Okl. 766, 127 Pac. 411; *Kremer v. Schutz,* 82 Kan. 175, 107 Pac. 780, 27 L. R. A., N. S., 735; *Story v. McCormick,* 70 Kan. 323, 78 Pac. 819; *Earl v. Tyler,* 36 Okl. 179, 128 Pac. 269; *Heddleston v. Stoner,* 128 Iowa, 525, 105 N. W. 56; *Samuels v. Ottinger,* 169 Cal. 209, Ann. Cas. 1916E, 830, 146 Pac. 638.)

RICE, J.—Respondent Von Padua recovered a judgment against appellant for the reasonable value of the use and occupation of certain premises belonging to respondent.   The evidence in the case consisted of a stipulation of facts.   From this stipulation, and the findings of the court based thereon, it appears that the premises in question were occupied by one

A. D. Clark, doing business as the Gem Printing Company, under a lease from respondent; that while Clark was in possession of the premises as lessee he placed thereon certain property purchased from appellant under conditional sale contracts; that Clark became a bankrupt, and after his bankruptcy refused to pay the rental upon the premises; that immediately upon the bankruptcy of Clark, appellant attempted to gain possession of the property, but was unable so to do on account of the refusal of the trustee in bankruptcy to deliver it.    The fourth paragraph of the stipulation reads as follows:

"That defendant has had no dealings with plaintiff, either directly or through said Clark or other agent, with reference to the rental, occupation or use of said building, other than such as may legally have arisen from the execution of said contracts, and the fact of said property having been kept and used in said building."

In support of his judgment, respondent refers us to the case of *Skinner v. Skinner*, 38 Neb. 756, 57 N. W. 534, and many other authorities.    In the Skinner case it is said: " . . . . The law, in the absence of all evidence to the contrary, will imply the existence of the relation of landlord and tenant between two parties, where one owns land, and by his permission it is used and occupied by the other. . . . . If the tenant's use and occupation has been beneficial to him, that is sufficient ground from which to imply a promise on his part to pay a reasonable compensation for such use and occupation, in the absence of any evidence negativing such promise."

See, also, *W. C. Walsh & Co. v. Taylor*, 142 Ill. App. 46; *Rodman et al. v. Davis et al.*, 34 Okl. 766, 127 Pac. 411; *Kremer v. Schutz*, 82 Kan. 175, 107 Pac. 780, 27 L. R. A., N. S., 735.

We are in accord with the rule of law announced in these decisions, but respondent failed to establish the premise upon which the argument must be founded.    This action was brought to recover the reasonable value of the use of the premises occupied by the property of appellant delivered to Clark under the conditional sale contracts.    Appellant's

property was in possession of Clark when it was placed upon the premises, and remained in the possession of Clark, and the trustee in bankruptcy, during all the time for which rental was claimed by respondent in this suit. It is immaterial whether the possession of Clark and the trustee was rightful or wrongful. The fact remains that the possession was theirs, and therefore the occupancy of the premises was theirs. This action cannot be maintained against appellant.

The judgment is reversed. Costs awarded to appellant.

Morgan, C. J., and Budge, J., concur.