## HEISELT CONST. CO. v. MORRISON-KNUDSEN CO., Inc.

No. 3849.

United States Court of Appeals
Tenth Circuit.

June 29, 1949.

208

Ben E. Roberts, Salt Lake City, Utah, for appellant.

Jesse R. S. Budge, Salt Lake City, Utah (Karl Paine, Boise, Idaho, on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

Heiselt Construction Company[1] is the owner of a tract of 4.47 acres of land situated in Salt Lake County, Utah. It brought this action against Morrison-Knudsen, Inc.,[2] to recover the reasonable rental value for the use and occupancy of such tract by Morrison-Knudsen from April 1, 1943, to June 1, 1948, and the value of a building constructed on the land by Morrison-Knudsen and removed by it. The tract of land is situated south and east of a tract of 1.26 acres owned by Morrison-Knudsen. The south and east boundary lines of the last-mentioned tract were enclosed by a fence. On or about February 2, 1944, Morrison-Knudsen, without authority from Heiselt, constructed a fence of wooden posts and woven wire extending from the southeast corner of the Morrison-Knudsen tract to the south line of the Heiselt tract, thence along the south line of the Heiselt tract to the southwest corner thereof and thence to the southwest corner of the Morrison-Knudsen tract. Morrison-Knudsen also constructed double steel gates on the south line of such fence for ingress to, and egress from, the enclosed portion of the Heiselt tract and a gate in the north and south line of such fence to pro-vide a passageway between the enclosed portion and the remaining portion of the Heiselt tract. Morrison-Knudsen also set wooden posts along the south line of the Heiselt tract from the southeast corner of the enclosed portion almost to the southeast corner of such tract and along the north line of such tract from the northeast corner of the Morrison-Knudsen tract almost to the northeast corner of the Heiselt tract, but it did not attach wires to such posts.

On the portion of the Heiselt tract enclosed by wire fencing, Morrison-Knudsen constructed a Quonset Hut-type office building, 30 feet by 60 feet, on a cement foundation 12 inches deep and six inches wide. The building consisted of a large office room and three small rooms. Morrison-Knudsen installed a shower and lavatory and an air-conditioning unit. The entire building was insulated. It was erected from prefabricated sections of four feet each and was attached to the foundation by five-eighths-inch bolts imbedded in the foundation. It was designed so that it could be dismantled and removed. Morrison-Knudsen also constructed walks and planted a lawn, evergreens, and other shrubs on the east side of the enclosed portion of the tract.

Morrison-Knudsen entered the Heiselt tract with the expectation of obtaining title from a mortgagee to the entire tract. It made little use of that portion of the Heiselt tract not enclosed within the woven wire fence but it did erect the two lines of posts as stated above and entered the unenclosed portion for the purpose of cutting weeds and protecting the improvements it had placed on the enclosed portion from fire hazards, and on two occasions for breaking in heavy machinery. Its intent to make use of the unenclosed portion was plainly indicated by its construction of the gate in the north and south line of the fence.

Heiselt first learned about the occupancy of its tract by Morrison-Knudsen in August, 1945. On June 26, 1947, Heiselt

---

[1] Hereinafter called Heiselt.

[2] Hereinafter called Morrison-Knudsen.

made written demand upon Morrison-Knudsen for rental for the period from February 2, 1944, to June 1, 1947, at the rate of $100 per month. On July 9, July 28, and August 6, 1947, Heiselt made like written demands upon Morrison-Knudsen for rental, except that the latter demands included rental for the additional months of occupancy. On May 14, 1948, Heiselt made a further written demand for rental for 61 months and notified Morrison-Knudsen to vacate the property. In all of such demands, Heiselt notified Morrison-Knudsen not to remove any improvements or structures placed on the property by it until the rentals had been paid. After the notice of May 14, 1948, Morrison-Knudsen removed the building and vacated the property.

In its answer, Morrison-Knudsen alleged that for four months immediately prior to June 1, 1948, it occupied the enclosed portion of the Heiselt tract, with the permission of Heiselt, as its tenant, and that the building was a removable, transportable chattel and never became a part of the real estate. It tendered rental at the rate of $25 per month for the period of occupancy.

The trial court held that Morrison-Knudsen only occupied 1.43 acres of the Heiselt tract enclosed by the wire fence and that it was entitled to remove the building as a fixture. It awarded Heiselt judgment for $1,300 for rental. Heiselt has appealed.

 Morrison-Knudsen entered the property without right and constructed the building thereon. It then had no estate in the Heiselt property. It is well settled that where a person, having no estate in land and without an agreement, express or implied, with the landowner, enters the land and affixes personalty thereto, it becomes a part of the freehold, and title passes to the landowner.[3] Therefore, at the beginning of the relationship, undoubtedly the building became the property of Heiselt. But Morrison-Knudsen's entry was not adverse to Heiselt, and after Heiselt impliedly consented to the occupancy by its demand for rent, Morrison-Knudsen continued in the occupancy of the premises. That created the relationship of landlord and tenant.[4] We are of the opinion that Morrison-Knudsen had the right to remove the building as a trade fixture since it could be done without material injury to the land. Moreover, after Heiselt elected to treat Morrison-Knudsen as a tenant in Heiselt's demands for rental, it recognized the right of Morrison-Knudsen to remove the building when the claim for rental had been paid.

 With respect to the extent of the occupancy, we think the findings of the trial court are clearly erroneous. From the beginning, Morrison-Knudsen exercised dominion over the entire tract by erection of the fence and the placing of posts and the construction of a gate to give it a passageway between the portion enclosed and the unenclosed portion. Moreover, it exercised dominion over the unenclosed portion by entering upon it for the purpose of removing fire hazards and for breaking in heavy machinery. Finally, when Morrison-Knudsen elected to acquiesce in the relationship of landlord and tenant after receipt of the notice of June 26, 1947, it must be deemed to have accepted the notice in its entirety. The notice plainly covered the entire Heiselt tract.

The judgment is reversed and the cause remanded, with instructions to award rental for the entire tract.

[3] Jacoby v. Johnson, 3 Cir., 120 F. 487, 489; United States v. Pacific Railroad, 120 U.S. 227, 240, 7 S.Ct. 490, 30 L.Ed. 634; Titus v. Poland Coal Co., 275 Pa. 431, 119 A. 540, 542; Meeker v. Oszust, 307 Mass. 366, 30 N.E.2d 246, 248; Dudzick v. Lewis, 175 Tenn. 246, 133 S.W.2d 496, 497; New Hebron Consol. School Dist. v. Sutton, 151 Miss. 475, 118 S. 303, 304; 36 C.J.S., Fixtures, § 25, p. 962.

[4] Baley v. Deakins, 44 Ky. 159, 162; Ross v. City of Long Beach, 24 Cal.2d 258, 148 P.2d 649, 652; Ellingson v. Walsh, O'Connor & Barneson, 15 Cal. 2d 673, 104 P.2d 507, 509; Von Padua v. American Type Founders' Co., 32 Idaho 710, 187 P. 793, 794; Moore v. Western Meat Co., 16 N.M. 107, 113 P. 827, 828; Skinner v. Skinner, 38 Neb. 756, 57 N.W. 534, 537.