**PARGAS OF LONGVIEW, INC.,**
Appellant,

v.

**Franklin JONES ex ux., Appellees.**

No. 8595.

Court of Civil Appeals of Texas,
Texarkana.

Oct. 17, 1978.

Rehearing Denied Nov. 7, 1978.

H. P. Smead, Jr., Smead & Anderson, Longview, for appellant.

Franklin Jones, Jr., Jones, Jones & Baldwin, Marshall, for appellees.

CORNELIUS, Chief Justice.

Franklin Jones, Sr., filed suit against Pargas to recover damages resulting from Pargas's removal of a butane gas tank from his property. Liability was predicated upon three theories: violation of the Texas Debt Collection Act,[1] willful trespass, and conversion. After a non-jury trial the district court awarded Jones $175.00 for the value of the tank, $750.00 damages for mental anguish, $1,000.00 exemplary damages and $1,250.00 attorney's fees.

The trial court's findings of fact reveal that, shortly after World War II, Jones installed a butane gas system at his second residence on Caddo Lake. The system con-

---

1. Tex.Rev.Civ.Stat.Ann. art. 5069–11.01, et seq. (Supp.1978).

sisted of one unit with outlets in the residence and a buried storage tank connected to the outlets by buried pipes. In 1967, the buried tank was replaced by a larger 250 gallon tank installed by Pargas. The replacement tank was not buried but was placed on concrete blocks and was connected to the gas system as an integral part of it. Jones was under the impression that he purchased the tank and that it was to be paid for periodically as he purchased gas. Pargas contended that it merely leased the tank to Jones, but it did not charge a rental for the tank as long as the customer was purchasing gas. The tank remained at the residence and there was no dispute until September of 1976 when Pargas wrote Jones that, because he had not purchased any gas from it since 1973,[2] it would like to pick up the tank and replace it with a smaller one. Jones replied that he thought he had bought the tank, but offered to purchase it if he had not already done so. Pargas then advised Jones by mail that its previous letter was in error and that the tank would be picked up on November 1, 1976, "when the lease runs out" unless Jones gave notice to the contrary. Jones thereupon demanded that Pargas produce its lease covering the tank, if it had one, and warned that any attempt to remove the tank would be a trespass which he would resist. Without further response or notice, Pargas's employee Scott and a helper went to Jones's property between Christmas and New Years, entered the fenced and locked premises by removing wires from the fence, ruptured the gas lines, disconnected the tank and carried it away. The court found there was no written lease between Pargas and Jones covering the tank; the tank had become Jones's property as a fixture attached to the realty; Pargas had no contractual or other right to invade Jones's premises; and that the entry was deliberate, willful and unlawful.

Pargas has assigned seventeen points of error which contend generally that the Debt Collection Act was not applicable and that the awards for mental anguish, exemplary damages and attorney's fees were not authorized.

■ The cause of action did not come within the provisions of the Debt Collection Act. That Act applies to certain prohibited actions of a creditor or a debt collection agency in an attempt to collect a debt arising from a consumer transaction. The controversy here does not involve a debtor/creditor relationship. It is simply a dispute over the ownership of a tank and the corollary right of the alleged owner to retrieve that property. The district court concluded that Jones's alleged obligation to return the tank was a "debt," analogous to the situation in *Ledisco Financial Services, Inc. v. Viracola*, 533 S.W.2d 951 (Tex.Civ. App. Texarkana 1976, no writ), where we held that the obligation of a debtor to return a credit card to a creditor was a "debt" within the meaning of the Debt Collection Act. But the situation in *Ledisco* was entirely different from that here. In that case the credit card holder owed money to the issuer as well as the obligation to return the cancelled credit card, and we held that efforts on the part of a debt collection agency to retrieve the card constituted an integral part of the debt collection process. In the instant case, no pecuniary debt was owed or claimed, and the parties were merely contesting the rights of ownership and possession of property. To extend the provisions of the Debt Collection Act to such a dispute would, in our judgment, be contrary to the intent and purposes of the Act.

■ However, as the court found that Pargas had no contractual or other right to go upon Jones's property and by doing so committed a deliberate, willful and forcible trespass, the judgment, except for attorney's fees, was authorized on the theory of trespass and conversion.

■ The trial court found that the tank had been installed in such a manner that it became an integral part of the heating sys-

2. Pargas had moved its operation from Marshall to Longview, and Jones had thereafter purchased his gas from dealers located nearer to his residence.

tem of the residence and thus was attached to and became a part of the realty as a fixture. There is ample evidence to sustain such a finding. Consequently, the tank became Jones's property, and a recovery of its stipulated value was proper. 25 Tex.Jur.2d, Fixtures, Sec. 3, p. 394; see also, *Harris v. Harris*, 174 S.W.2d 996 (Tex.Civ.App. Fort Worth 1943, no writ); and *Herrin v. Bunge*, 336 S.W.2d 281 (Tex.Civ.App. Houston 1960, no writ).

■ The court also awarded $750.00 as actual damages for mental anguish suffered by Mr. Jones. Ordinarily, damages for mental suffering are not recoverable unless they result from or are accompanied by physical injury. But one exception to the rule is that actual damages resulting from mental distress may be recovered, as a separate and independent element, when caused by a deliberate and willful trespass in which actual damage to plaintiff's property is sustained. *Michels v. Crouch*, 150 S.W.2d 111 (Tex.Civ.App. Eastland 1941, writ dism'd judgmt. cor.); *Michels v. Crouch*, 122 S.W.2d 211 (Tex.Civ.App. Eastland 1938, no writ); *Cartwright v. Canode*, 138 S.W. 792 (Tex.Civ.App. Fort Worth 1911), aff'd, 106 Tex. 502, 171 S.W. 696 (1914); 17 Tex. Jur.2d, Damages, Sec. 131, p. 197; 38 Am. Jur.2d, Fright, Shock, Etc., Sec. 31, p. 38; 25 C.J.S. Damages § 68, p. 826; Annot., 28 A.L.R.2d 1089. Even if the tank was not a fixture, Pargas's entry on Jones's property under the circumstances present here constituted a trespass. Willfulness of the trespass and actual damage to the property were both present, and the trial court found that the trespass was committed at such a time and under such aggravated circumstances that it proximately resulted in severe mental distress and suffering on the part of Mr. Jones. The award was therefore authorized.

■ Pargas also attacks the award of exemplary damages. In the case of a trespass, punitive damages may be recovered if actual damage has been sustained and the trespass upon the plaintiff's property is shown to have been deliberate and intentional. *Hood v. Adams*, 334 S.W.2d 206 (Tex.Civ.App. Amarillo 1960, no writ); 56 Tex.Jur.2d, Trespass, Sec. 33, pp. 39, 40. When it is sought to hold a corporation liable for exemplary damages because of the act of an agent, it must also be shown either that the agent was one whose acts can be considered the acts of the corporation itself, or that the act of the agent was previously authorized or subsequently ratified by the corporation, or that the act was one which the corporation should reasonably have anticipated that the agent would do. *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934); *Ledisco Financial Services, Inc. v. Viracola*, supra. Here the undisputed evidence revealed that Pargas's agents made the entry upon Jones's premises willfully and deliberately after having been warned not to do so, the act was previously authorized and subsequently ratified by the corporation, and the invasion of the property was accomplished by an unlawful breaking and entering. Such actions meet the requirements for exemplary damages as set out above, and the court's award was therefore not improper.

The judgment's award of attorney's fees was based upon the provisions of the Debt Collection Act authorizing such an award in cases coming within the Act. As this case did not come within that Act, and an award of attorney's fees is not authorized in suits for trespass and conversion, the award cannot be sustained and will be deleted from the judgment.

The judgment of the district court is reformed to delete therefrom the award of attorney's fees. As reformed, the judgment is affirmed.

HUTCHINSON, J., not participating.

## ON REHEARING

In its motion for rehearing Pargas argues that, even though the tank became a fixture, it did not become Jones's property absent a conveyance or an establishment of title by limitation.

■ The significance of a fixture is that it becomes a part of the land to which it is

attached. 35 Am.Jur.2d, Fixtures, Sec. 3, p. 700, and cases cited. When a person having no estate in land enters thereon and affixes personalty thereto, the personalty becomes part and parcel of the freehold, and its title passes to the landowner unless there is an express or implied agreement to the contrary. *Meeker v. Oszust*, 307 Mass. 366, 30 N.E.2d 246 (1940); *Heiselt Construction Co. v. Morrison-Knudsen Co.*, 176 F.2d 207 (10th Cir. 1949); 36A C.J.S. Fixtures § 25, p. 673; 35 Am.Jur.2d, Fixtures Sec. 8, p. 706. See also *United States v. Pacific Railroad Co.*, 120 U.S. 227, 7 S.Ct. 490, 30 L.Ed. 634 (1887). The court here found there was no agreement to the contrary and that the annexation met the test required for a fixture. Consequently, the tank became a part of the realty and title thereto passed to the owner of the realty.

The motion for rehearing is respectfully overruled.

HUTCHINSON, J., not participating.