**Jack OWENS, Appellant,**

v.

**A. E. COURY and Louise Coury, Appellees.**

**No. 9219.**

Court of Civil Appeals of Texas, Amarillo.

April 15, 1981.

Waters, Holt, Fields & Waters, Leland W. Waters, Pampa, for appellant.

Lemon, Close, Atkinson, Shearer & McCutcheon, Robert D. Lemon, Perryton, for appellees.

DODSON, Justice.

A. E. Coury and wife, Louise Coury, instituted this action against Jack Owens to recover damages allegedly sustained by them as a result of an incident involving Mr. Owens' dog, Trixie. The case was tried with a jury. The jury found, among other things, that as a result of the incident the Coury sustained the following damages: (1) $300 to their household furnishings; (2) $100 to Mr. Coury's pickup; (3) $1000 for Mrs. Coury's injuries; (4) $1000 for Mr. Coury's injuries; and (5) $3000 as exemplary damages. Based on these and other jury findings, the court rendered judgment for the Courys in the amount of $5,400. Mr. Owens appeals from this judgment. Concluding from the record before us that the Courys are not entitled to recover the $3000 award for exemplary damages and the $1000 award for damages to Mrs. Coury, we reform the judgment to eliminate these amounts and, as reformed, we affirm.

Mr. Owens and the Courys live in the same neighborhood in the City of Perryton, Texas. The incident in question occurred on Sunday, 19 May 1977, at approximately 7:30 or 8:00 a. m. The dog is a 56-pound, pedigreed, female Boxer owned by Mr. Owens. The Owens usually kept the dog in their backyard during the daytime and in the house at night. On the day in question the dog was in the house, but got out through the front door when the Owens' small children started out of the house.

In the meantime, Mr. Coury was loading his son's drum set into the back of his El Camino truck which was parked in front of the Coury home. While he was in the process of loading the third drum, he noticed that Trixie was "charging" him. After a moment's hesitation, Mr. Coury put the drum on the tailgate and jumped into the truck. Trixie then "hit" the truck (apparently while attempting to jump into the back of the truck). Mr. Coury picked up the drum and held it between Trixie and himself. Trixie charged Mr. Coury a second time, whereupon Mr. Coury pushed the drum into Trixie's face. On Trixie's third attempt, Mr. Coury knocked her off the truck with the drum.

During the commotion, Mrs. Coury went to the door of the house to see what was occurring outside. The Coury's dog, Mimi, a small Toy Poodle, stood behind her. The door to the house was propped open so that Mr. Coury could carry the drums from the house to his truck. As soon as she noticed Mrs. Coury and Mimi, Trixie ran into the house and attacked Mimi. During this attack, Trixie salivated on the floor and walls of the house and on some furniture. Mr. Coury then picked up a doormat and proceeded to hit Trixie several times. Trixie released Mimi and left the house, apparently due to Mr. Coury's efforts.

During the excitement, Mrs. Coury left the house and stood in the front yard. After Trixie left the house, she approached Mrs. Coury. Mrs. Coury testified that Trixie lunged at her once or twice and put her paws on her. In addition, Trixie made a fierce, growling noise and bared her teeth. Mrs. Coury specifically testified that she never suffered any physical injury to her body or her clothes as a result of Trixie's actions; nevertheless, she suffered some emotional difficulty. In particular, Mrs. Coury testified that she was "in hysterics" immediately after the confrontation, that she would wake up in the middle of the night, "crying out hysterically thinking about [Trixie] and what could have happened if [Trixie] had actually gotten hold of

[Mrs. Coury]," and that such condition continued for a week to ten days after the incident.

The evidence shows that Mr. Coury had a longtime, pre-existing hernia in the right inguinal (groin) area of his body. His doctor testified that the hernia was easily reduced or placed back into the abdominal wall, that Mr. Coury had learned to live with the condition, and that Mr. Coury opted against surgery prior to the incident. On the day following the incident with the dog, Mr. Coury went to the doctor complaining of soreness and pain in the right groin area. Based upon reasonable medical certainty, the doctor gave his opinion that Mr. Coury's physical activity during the incident with the dog caused pain and soreness in the right groin area and aggravated his pre-existing hernia. Prior to the incident, Mr. Coury had persistently declined hernia surgery; thereafter, he had the correctional surgery.

In their live trial pleadings, the Courys plead alternative grounds of recovery. First, they sought to recover in strict liability, alleging the dog had vicious, dangerous or mischievous propensities, that Mr. Owens knew or should have known of these propensities, and that such propensities were a proximate cause of the injuries.[1] Alternatively, they alleged that Mr. Owens is liable because he "violated provisions of sections 4–18 and 4–20 of the Municipal Code of the City of Perryton, Texas, which read as follows:

### Section 4–18

Every owner shall keep his animal under restraint at all times and shall not permit such animal to be at large.

### Section 4–20

The owners or custodians shall confine, within a building or secure enclosure, every fierce, dangerous or vicious dog, and not take such dog out of such building or secure enclosure unless such dog is securely muzzled.

In addition, Section 4–16 of the Municipal Code of the City of Perryton, Texas, reads as follows:

### Section 4–16

Any animal shall be deemed to be 'at large' when it is not confined in an enclosure or if not under the control of a competent person."

In the negligence action, the Courys alleged that, on the occasion in question, the dog was not confined within a building or secure enclosure, but was allowed to run at large without being securely muzzled and without being under the control of a competent person. In this connection, they maintained that the violations of sections 4–18 and 4–20 of the Perryton Municipal Code "each constituted negligence, or alternatively, negligence per se, and was each a proximate cause of the Plaintiffs' injuries."

In response to issues with corresponding numbers the jury found: (1) that the dog had vicious, dangerous or mischievous propensities; (2) that Mr. Owens knew or should have known of such vicious, dangerous or mischievous propensities; (3) that Mr. Owens failed to keep the dog under restraint at all times, thereby permitting such animal to be at large; (4) that such failure was negligence; (5) that such negligence was a proximate cause of the occurrence in question; (6) that Mr. Owens failed to confine the dog within a building or secure enclosure and allowed the dog out of such building or enclosure without being securely muzzled; (7) that such failure was negligence; and (8) that such negligence was a proximate cause of the occurrence in question. These and other jury findings formed the basis for the trial court's judgment.

On appeal Mr. Owens brings ten points of error. By his first point, Mr. Owens challenges the legal sufficiency of the evidence to support the jury's answers to special issues one and two. With his second point of error, he attacks the court's failure to

---

1. We point out that, although producing cause is the proper causation element in strict liabili-
ty, the Courys specifically plead proximate cause.

submit a causation issue in relation to the Coury's strict liability ground of recovery, *i. e.*, special issues numbers one and two.

■ The Courys sought to recover on strict liability and on negligence grounds. Mr. Owens has not assigned any error to the jury's findings of his negligence and proximate cause in special issues three through eight. For that reason, we are bound by the findings. *French Independent School Dist. v. Howth*, 134 Tex. 211, 134 S.W.2d 1036, 1037 (1940). These findings are sufficient to uphold the trial court's judgment for damages except for those items which must yield to Mr. Owens' successful attacks.

We acknowledge that in *Marshall v. Ranne*, 511 S.W.2d 255, 258 (Tex.1974), the court stated "that suits for damages caused by vicious animals should be governed by principles of strict liability," and further determined, *inter alia*, that contributory negligence is not a defense to the strict liability action. However, we do not construe *Marshall* to preclude negligence actions as independent grounds for recovery. *Id.* at 259. Accordingly, the jury's unchallenged answers to the negligence and proximate cause issues render immaterial the jury's answers to the strict liability issues. Thus, any error regarding the submission of, or the jury's answers to, special issues one and two is not reversible error.

■ By his third point of error, Mr. Owens claims the trial court erred in granting judgment for exemplary damages, because there was no finding of heedless, reckless or malicious conduct by him. We agree. The record shows that the exemplary damage recovery is not supported by pleadings, proof or a favorable finding of gross negligence by Mr. Owens.

■ In general, before one party is entitled to recover exemplary damages from another he must prove the existence of fraud, malice, gross negligence or oppression. *Express Pub. Co. v. Hormuth*, 5 S.W.2d 1025, 1026 (Tex.Civ.App.—El Paso 1928, writ ref'd); *see also Ware v. Paxton*, 359 S.W.2d 897, 899 (Tex.1962). Moreover, gross negligence is the only character of negligence that will support a recovery for exemplary damages. *Texas-Louisiana Oil Co. v. Burton*, 76 S.W.2d 808, 809 (Tex.Civ. App.—Beaumont 1934, no writ). Under the record before us, none of the above-stated, predicative matters were plead or proved by the Courys. Accordingly, they were not entitled to recover exemplary damages.

In his fifth point of error, Mr. Owens contends that the "trial court erred in submitting an issue regarding physical pain and mental anguish in the past of [for] Louise Coury because there was no evidence of physical injury." In response to special issue number 13 the jury found that the sum of $1000 would fairly and reasonably compensate Louise Coury for her injuries resulting from the occurrence in question. Based on this jury finding, the court included the $1000 award in its judgment.

■ In Texas, there can be no recovery for mental anguish without a showing of physical injury unless the mental suffering is caused by an intentional, deliberate, willful or wanton act. *See Pargas of Longview, Inc. v. Jones*, 573 S.W.2d 571, 574 (Tex.Civ.App.—Texarkana 1978, no writ); *Ledisco Financial Services, Inc. v. Viracola*, 533 S.W.2d 951, 957 (Tex.Civ.App.—Texarkana 1976, no writ); *Pat H. Foley & Co. v. Wyatt*, 442 S.W.2d 904, 906 (Tex.Civ.App.— Houston [14th Dist.] 1969, writ ref'd n. r. e.); *Stafford v. Steward*, 295 S.W.2d 665, 667 (Tex.Civ.App.—Eastland 1956, writ dism'd by agr.); *see also Billings v. Atkinson*, 489 S.W.2d 858, 860–61 (Tex.1973).

■ In this instance, there is no evidence of a physical injury of Mrs. Coury. Furthermore, there is no evidence that Mrs. Coury's mental suffering was the result of any intentional, deliberate, willful or wanton conduct by Mr. Owens. Thus, under the record before us, we conclude that the trial court erroneously submitted the challenged issue and erroneously rendered judgment on the jury's answer to the issue.

■ In his sixth point, Mr. Owens contends that the trial court erroneously overruled his motion to disregard the jury's

finding on special issue number 14 because that finding is rendered immaterial by the jury's answer to special issue number 12. We disagree.

Special issue number 12 and the jury's answer thereto are as follows:

From a preponderance of the evidence find the necessary and reasonable expenses, if any, for the medical and hospital care, if any, received by A. Coury for treatment of his injuries, if any, directly and proximately resulting from the occurrence in question?

ANSWER IN DOLLARS AND CENTS.

ANSWER:  NONE

Special issue number 14 and the jury's answer thereto are as follows:

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate A. E. Coury for his injuries, if any, which you find from a preponderance of the evidence resulted from the occurrence in question?

Consider the following elements of damage, if any, and none other:

Physical pain and mental anguish in the past, except for any condition existing before the occurrence in question, except to the extent, if any, that you find that such pre-existing condition, if any, was aggravated by the injuries, if any, which resulted from the occurrence in question.

Answer in dollars and cents, if any, or none.

ANSWER:  $1,000

Special issue number 12 relates to reasonable and necessary medical and hospital expenses. Special issue number 14 relates to damages for physical pain and mental anguish. Thus, the issues refer to different material elements of damages. Accordingly, the jury's answer to issue number 12 does not render immaterial the jury's answer to issue number 14; therefore, we overrule Mr. Owens' sixth point of error.

In his brief and oral argument in this court, Mr. Owens sought the following relief. By his first and second points he sought to have the judgment reversed and rendered. By his third, fourth, fifth and sixth points he requested that the judgment be reformed and affirmed, as reformed. Conditioned on the court's refusal to reform and affirm, he alternatively presents points seven through ten in support of a reversal and remand. The requested relief of reformation and affirmance is clearly stated and should be granted on points three and five. Rule 418(f), Tex.R.Civ.P. Thus, in view of our disposition on these points, we deem it unnecessary to address points seven through ten.

In summary, we sustain Mr. Owens' third and fifth points of error and overrule his sixth point of error. Our disposition of these points is dispositive of this appeal. Accordingly, we reform the trial court's judgment to eliminate therefrom the $3000 award for exemplary damages and the $1000 award for Mrs. Coury's alleged injuries, leaving a judgment in the amount of $1400. As reformed, the judgment is affirmed.

Seventy-four (74%) percent of the costs are adjudged against A. E. Coury and Louise Coury, and twenty-six (26%) percent of the costs are adjudged against Jack Owens. Tex.R.Civ.P. 448.

COUNTISS, J., not participating.