Clara CAMPBELL, Appellant,

v.

BENEFICIAL FINANCE COMPANY OF DALLAS and Raymond Bernard Johnson, Appellees.

No. 8864.

Court of Civil Appeals of Texas, Texarkana.

April 28, 1981.

James F. Newth, Dallas, for appellant.

Jeffrey S. Lynch, Gerald R. Powell, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellees.

CORNELIUS, Chief Justice.

This is an appeal from the grant of a summary judgment. Clara Campbell brought suit against Beneficial Finance Company and its employee, Raymond Ber-

nard Johnson, alleging a cause of action for harassment and abusive debt collection practices.

Campbell's daughter and son-in-law, Sue and Bobby Rice, were indebted to Beneficial and became delinquent in their payments. The loan was apparently taken for the purpose of purchasing household goods and furnishings. Campbell alleged in her suit that Beneficial and its employees, specifically Mr. Johnson, threatened and harassed her because she apparently would not or could not disclose the whereabouts of Mr. and Mrs. Rice. She alleged a number of specific acts of harassment, and alleged that those acts caused her embarrassment, humiliation, loss of sleep and extreme mental suffering.

The appellees filed a motion for summary judgment on the basis that Mrs. Campbell had no standing to sue for the injuries under the Debt Collection Act, Tex.Rev.Civ. Stat.Ann. art. 5069–11.01 et seq., because she was not the debtor. Mrs. Campbell filed no response to the motion, and neither side presented any summary judgment proof. The trial court granted appellees' motion.

■ When, as in the instant case, one party moves for summary judgment and the other party does not so move and has filed no answer or response to the motion, the trial court may not grant summary judgment to the movant solely for lack of an answer or response by the non-movant. The movant must establish his entitlement to summary judgment on the issues expressly presented to the trial court by summary judgment proof conclusively establishing all of the essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

It is appellees' position that Campbell has no cause of action under the Debt Collection Act for two reasons: (1) a bystander, i. e., one not a debtor under the Act, has no standing to assert a cause of action, and (2) allegation and proof of physical injury are necessary elements of such a cause of action, and no such allegation was made in this case.

■ Appellees assert that a bystander is not a person within the class of persons intended by the legislature to be protected by the Debt Collection Act. We first note that Mrs. Campbell was not a bystander in the usual meaning of that term. The alleged abuses were committed directly against her. In addition, the language of the Act clearly authorizes a cause of action such as that alleged here. By the express terms of § 11.03 of the Act, if a debt collector in connection with the collection or the attempted collection of a debt owed by a consumer oppresses, harasses or abuses *any person* by one of the four enumerated practices, a cause of action may be maintained. Likewise, under § 11.02(a)–(c), certain threats and coercive activities against *any person* are prohibited. Further, § 11.10 provides that *any person* may maintain an action for actual damages sustained as a result of the violation of the Act. It is thus clear that while the threat, coercion, harassment or abuse must occur in connection with the collection or attempted collection of a debt allegedly owed by a consumer, persons other than the debtor may maintain an action for violations of the Act. To hold otherwise would be to find a legislative intent to protect debtors from the abuses the Act is designed to prevent, but to leave their families, friends and employers subject to those same abuses. The commission of such threatening and harassing acts against the debtor's family or friends is no less obnoxious or despicable, and surely no less worthy of prevention, than the commission of those same acts against the debtor himself. Indeed, just the opposite is true. As the court in *Moore v. Savage*, 359 S.W.2d 95 (Tex.Civ.App.-Waco), *writ-ref'd n. r. e. per curiam*, 362 S.W.2d 298 (Tex. 1962), noted, it is more unreasonable to harass someone who does not owe a debt than it is to harass someone who does owe a debt.

■ Appellees rely upon *Pargas of Longview, Inc. v. Jones*, 573 S.W.2d 571 (Tex.Civ. App.-Texarkana 1978, no writ), and *Ledisco*

*Financial Services, Inc. v. Viracola,* 533 S.W.2d 951 (Tex.Civ.Ap.-Texarkana 1976, no writ), 87 A.L.R.3d 774, but neither of those cases compels a contrary result. In *Pargas* this Court held the Debt Collection Act inapplicable to the facts before it because the controversy did not involve a debtor/creditor relationship. *Pargas of Longview, Inc. v. Jones,* supra, at 573. From that holding the appellees reason that as there was no debtor/creditor relationship between Campbell and the appellees, the Act does not apply. We disagree. The Act requires that the wrong complained of must arise out of a debtor/creditor relationship, but it does not limit the cause of action to the debtor. Any person against whom the prohibited acts are committed may maintain an action for actual damages sustained as a result of those violations. In *Ledisco* we held that the debt sought to be collected must be owed by a consumer, as required by the Act. That requirement is fulfilled here. We did not hold that the Act limits any cause of action exclusively to consumers.

Appellees also assert that allegations and proof of physical injury are necessary to maintain a cause of action under the Act. This Court has expressly ruled that an action for unreasonable debt collection efforts may be maintained absent a plea of physical illness or injury. *Ledisco Financial Services, Inc. v. Viracola,* supra.

Appellees failed to establish as a matter of law the grounds of defense set out in their motion for summary judgment. The judgment is therefore reversed and the cause is remanded for trial.