Alice G. ROMERO, Plaintiff,

v.

LONE STAR COMPANY, d/b/a
Penland Distributors, Inc.,
Defendant.

No. SA–83–CA–2089.

United States District Court,
W.D. Texas,
San Antonio Division.

Aug. 21, 1984.

L. Bruce Fryburger, San Antonio, Tex.,
for plaintiff.

John J. Franco, Jr., Groce, Locke & Heb-
don, San Antonio, Tex., for defendant.

### ORDER

SESSIONS, Chief Judge.

ON THIS DATE came on to be con-
sidered the motion of the Defendant, Lone

**2**

Star Company, to dismiss and for summary judgment.

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c); *see Impossible Electronic Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1030 (5th Cir.1982). The party seeking summary judgment bears the exacting burden of demonstrating that there is no actual dispute as to any material fact in the case. *Impossible Electronic Techniques, Inc.*, 669 F.2d at 1031; *United States Steel Corporation v. Darby*, 516 F.2d 961, 963 (5th Cir.1975).

In determining whether the movant has met his burden, this Court must view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing summary judgment. *Id.* All reasonable doubts as to the existence of a genuine issue of material fact must be resolved against the movant party. *Jones v. Western Geophysical Company of America*, 669 F.2d 280, 283 (5th Cir.1982). When determining whether to grant summary judgment, this Court is merely determining whether a factual dispute exists and is not required to attempt to resolve those disputes. *Id.* If it is determined that a factual dispute exists, a motion for summary judgment will be denied. *Id.*

The fact that it appears to the Court that the nonmoving party is unlikely to prevail at trial or that the movant's statement of facts appears to be more plausible are not reasons to grant summary judgment. *Id.* Furthermore, in employment discrimination cases summary judgment should be used cautiously. *Id.* Since the ultimate issue is the intent of the employer to discriminate, *Pullman-Standard v. Swint*, 456 U.S. 273, 288–289, 102 S.Ct. 1781, 1790, 72 L.Ed.2d 66, 80 (1982); *Sweat v. Miller Brewing Company*, 708 F.2d 655, 657 (11th Cir. 1983), summary disposition of such cases is generally not favored. *Jones v. Western Geophysical Company of America*, 669

F.2d at 283. This is especially true where there is a "potentially inadequate factual presentation." *Id.*

■ Plaintiff's first claim for relief states that the Defendant engaged in sex discrimination in violation of Title VII of the Civil Rights Act of 1964. This discrimination allegedly took place in the form of Plaintiff being given less compensation than that paid to male employees in similar positions performing comparable duties and in the Defendant's demoting her and denying her a permanent position as office manager of the Defendant's San Antonio business. Plaintiff's second claim for relief alleges a violation of the Equal Pay Act stating that because of her sex she was given less compensation than males employed in similar positions which required equal skill, effort and responsibility to the position in which the Plaintiff was employed. Plaintiff's third claim for relief alleges a violation of the Age Discrimination in Employment Act and states that Plaintiff received less compensation than that paid to younger employees and was refused promotion in her employment due to her age.

This Court has reviewed the submissions of both parties and has come to the conclusion that a genuine dispute as to material facts exists in this cause and that summary judgment as to Plaintiff's first three grounds for relief is not appropriate. Because those grounds involve allegations of employment discrimination and because dispute exists regarding the intent of the Defendant in its decisions with regard to the Plaintiff, this Court is of the opinion that summary judgment is not appropriate. *Id.*

Defendant moves to dismiss or, in the alternative, for summary judgment on Plaintiff's fourth claim for relief. Plaintiff's fourth claim for relief seeks damages for mental anguish allegedly suffered as a result of the Defendant's acts that form the basis for Plaintiff's first three claims. Defendant claims that the State of Texas has not recognized a cause of action against employers for emotional distress

arising out of the employment relationship. Thus, Defendant requests this Court to decline to exercise its pendent jurisdiction over such a claim.

█ Pendent jurisdiction may be exercised where the Court (1) already has jurisdiction over a substantial federal claim; (2) where the state and federal claims derive from a "common nucleus of operative fact;" and (3) where the claims are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218, 228 (1966); *Transource International v. Trinity Industries, Inc.*, 725 F.2d 274, 285 (5th Cir.1984). Nonetheless, whether to exercise pendent jurisdiction is up to the Court's discretion. *United Mine Workers v. Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228; *Laird v. Board of Trustees of Institute of Higher Learning of State of Mississippi*, 721 F.2d 529, 534 (5th Cir.1983).

█ In determining whether to exercise its discretion to exercise pendent jurisdiction the Court should consider a number of factors. These include (1) the degree to which state issues dominate the Plaintiff's complaint; (2) the policy of avoiding needless decisions of state law; and (3) judicial economy, convenience and fairness to the litigants. *Laird v. Board of Trustees*, 721 F.2d at 534. The degree of uncertainty surrounding the state law is one of several factors that the Court should consider; however, it should be given considerable weight as a matter of comity between the federal and state judiciaries. *Financial General Bank Shares, Inc. v. Metzger*, 680 F.2d 768, 776 (D.C.Cir.1982).

This Court is of the opinion that the Plaintiff's complaint provides the basis for the exercising of pendent jurisdiction with regard to the fourth claim and that the only real issue in the matter is whether this Court should exercise its discretion in exercising such jurisdiction. Plaintiff's first three claims present substantial federal questions and all four claims derive from common facts. Because the fourth claim

arises out of the conduct that is the basis for the first three, this Court is of the opinion that a plaintiff would ordinarily be expected to try them all in one proceeding.

As to whether this Court should choose to exercise its pendent jurisdiction, this Court is of the opinion that the relevant factors weigh in favor of exercising that jurisdiction. The essence of Plaintiff's claims involve allegations of discrimination in violation of three separate federal acts with the fourth claim for damages arising out of the conduct that forms the basis for the first three claims. This Court believes that judicial efficiency and fairness to the litigants require the hearing of all four claims together.

More problematic is the consideration that this Court should refrain from unnecessarily deciding state questions of law thereby "poaching upon a foreign sovereign state's jurisprudential turf." *Laird v. Board of Trustees*, 721 F.2d at 534–535, *quoting with approval, Joiner v. Diamond M Drilling Co.*, 677 F.2d at 1035, 1042 (5th Cir.1982). Although this is only one of several factors the Court should consider, in view of principles of comity, it is one that should be given considerable weight. *Financial General Bank Shares, Inc. v. Metzger*, 680 F.2d at 776. This Court realizes that the State of Texas permits an employer to discharge an employee hired for an indefinite period "at will," without liability, for a good or bad reason or for no reason at all. *Phillips v. Goodyear Tire & Rubber Company*, 651 F.2d 1051, 1054 (5th Cir.1981). The "at will" rule applies regardless of the employer's motive in discharging the employee. *Id.* However, Texas law also provides for damages due to mental anguish caused by intentional, deliberate, willful or wanton conduct committed by an individual. *Owens v. Coury*, 614 S.W.2d 926, 929 (Tex.Civ.App. —Amarillo [7th Dist] 1981, no writ); *North Star Dodge Sales, Inc. v. Luna*, 653 S.W.2d 892, 897 (Tex.App.—San Antonio [5th Dist] 1983), *aff'd in part, rev'd in part on other grounds; and remanded*, 667 S.W.2d 115 (Tex.1984). There is no support for the proposition that by virtue of an individuals' status as an employer he

**4**

is shielded from suit arising out of conduct that would otherwise lay the basis for a claim of damage for mental anguish. Although Texas may allow an employer to terminate an employee "at will," there is no basis for the proposition that an employer may act in an intentional, deliberate, willful or wanton manner so as to cause mental anguish.

■ This Court is of the opinion that although there is no Texas law on the liability of an employer for mental anguish caused by his conduct, that the Texas courts would recognize a cause of action based on such grounds. *See Houston Belt & Terminal Railway Co. v. Wherry*, 548 S.W.2d 743 (Tex.Civ.App.—Houston [1st Dist] 1976 writ ref'd n.r.e.), *cert. denied*, 434 U.S. 962, 98 S.Ct. 497, 54 L.Ed.2d 447 (1977) (employee may bring action against an employer for libel and slander). Consequently, this Court is of the opinion that the exercise of pendent jurisdiction is appropriate in this cause and will deny the Defendant's motion for dismissal of Plaintiff's fourth claim for relief. This Court will also deny Defendant's alternative motion for summary judgment on the fourth claim because this Court is of the opinion that there exists a dispute as to a material fact on that matter. Therefore,

IT IS HEREBY ORDERED that Defendant's motion to dismiss and for summary judgment be in all things DENIED.