COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-01-386-CV
 
SELINA RODRIGUEZ                                                                       
APPELLANT
V.
H. GREGORY HADDOCK                                                                    
APPELLEE
------------
FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
In this dog bite case, Appellant, Selina Rodriguez, appeals the trial court's
granting of a no-evidence summary judgment, raising three points: 1) the trial
court committed error in failing to consider all the evidence that raised a fact
issue on challenged elements; 2) the trial court committed error in granting
summary judgment because Appellant pointed out evidence that raised a fact issue
over whether Haddock knew or should have known of the dangerous propensities of
his dog; and 3) the trial court committed error in granting summary judgment
because Appellant pointed out evidence that raised a fact issue over whether
Haddock acted negligently. We affirm the trial court's judgment.
FACTS
On July 3, 1998, Gregory Haddock, Appellee, lay in his recliner recovering
from a hernia operation. Heather Spears, a good friend of Appellee's, came over
to his home with one of her friends, Appellant. The two women began to fix
drinks and noticed Appellee's two dogs in his backyard. One of the women asked
Appellee to allow the dogs in, and he complied. The dogs bounced around the
house excitedly for a few minutes and then seemed to quiet down. Appellant sat
in the floor with one of the dogs and began to pet and play with it. The dog, a
dalmatian, attacked Appellant. The dalmatian bit the side of Appellant's face
and severed part of her ear.
Appellant brought suit contending that Appellee breached his duty to exercise
ordinary care and she also claimed that Appellee was strictly liable for the
damage done by his dog. Ten days before trial, Appellee moved for a no-evidence
summary judgment. The trial court granted the summary judgment, and Appellant
perfected this appeal.
STANDARD OF REVIEW
After an adequate time for discovery, the party without the burden of proof
may, without presenting evidence, move for summary judgment on the ground that
there is no evidence to support an essential element of the nonmovant's claim or
defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the
elements for which there is no evidence. Id.; In re Mohawk Rubber Co.,
982 S.W.2d 494, 497-98 (Tex. App.--Texarkana 1998, orig. proceeding). The trial
court must grant the motion unless the nonmovant produces summary judgment
evidence that raises a genuine issue of material fact. See Tex. R. Civ.
P. 166a(i) cmt.; Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex.
App.--San Antonio 1998, pet. denied); Jackson v. Fiesta Mart, Inc., 979
S.W.2d 68, 71 (Tex. App.--Austin 1998, no pet.).
A no-evidence summary judgment is essentially a pretrial directed verdict,
and we apply the same legal sufficiency standard in reviewing a no-evidence
summary judgment as we apply in reviewing a directed verdict. Frazier v. Yu,
987 S.W.2d 607, 610 (Tex. App.--Fort Worth 1999, pet. denied); Moore,
981 S.W.2d at 269. We review the evidence in the light most favorable to the
party against whom the no-evidence summary judgment was rendered, disregarding
all contrary evidence and inferences. Szczepanik v. First S. Trust Co.,
883 S.W.2d 648, 649 (Tex. 1994). If the nonmovant brings forward more than a
scintilla of probative evidence that raises a genuine issue of material fact,
then a no-evidence summary judgment is not proper. Moore, 981 S.W.2d at
269.
DISCUSSION
We will address Appellant's second and third points first. In the trial
court, Appellant claimed that Appellee was liable for the damage done by his dog
under theories of strict liability and negligence. Appellant claims that
Appellee acted negligently by allowing the dog in the house near strangers,
failing to remove the dog when it became boisterous, failing to warn of the
dog's inherent dangerous propensity, and failing to keep the dog properly
contained. Appellant further claims that Appellee is strictly liable for the
injuries because Appellee knew of or should have known of the dog's inherent
dangerous propensity.
To succeed at trial on a strict liability claim, Appellant must present
sufficient evidence to prove that 1) the animal is of a vicious, dangerous, or
mischievous nature; 2) the owner has actual or constructive knowledge of such
characteristics; and 3) the injury or damage resulted from such propensities of
which the owner had knowledge. Villarreal v. Elizondo, 831 S.W.2d 474,
477 (Tex. App.--Corpus Christi 1992, no writ); Owens v. Coury, 614
S.W.2d 926, 928 (Tex. Civ. App.--Amarillo 1981, no writ).
To prevail on a negligence cause of action, the plaintiff must establish
damages caused by a breach of a duty. Van Horn v. Chambers, 970 S.W.2d
542, 544 (Tex. 1998); Fitzpatrick v. Copeland, 80 S.W.3d 297, 301 (Tex.
App.--Fort Worth 2002, no pet.). A dog owner has the general duty to exercise
reasonable care to avoid foreseeable injury to others. See Kehler v. Eudaly,
933 S.W.2d 321, 330 (Tex. App.--Fort Worth 1996, writ denied). Whether the risk
of injury from a dog bite is foreseeable depends in part on the owner's actual
or constructive knowledge of the vicious propensities of his dog. Dunnings
v. Castro, 881 S.W.2d 559, 564 (Tex. App.--Houston [1st Dist.]
1994, writ denied) (op. on reh'g); Gill v. Rosas, 821 S.W.2d 689, 691
(Tex. App.--El Paso 1991, no writ). Further, we have previously held that the
owner of a domestic animal is not liable for injuries caused by it in a place
where it has the right to be, absent actual or constructive knowledge by the
owner of the animal's vicious propensities or vicious or unruly nature. Lewis
v. Great S.W. Corp., 473 S.W.2d 228, 230 (Tex. Civ. App.--Fort Worth 1971,
writ ref'd n.r.e.). Because the dog bit Appellant while it was in its own home,
Appellant must show more than a mere scintilla of evidence that Appellee knew or
should have known of the dog's dangerous nature under her negligence theory as
well as her strict liability theory. Id.
In the present case, Appellant produced no evidence to show knowledge on the
part of Appellee that his dog had a vicious propensity or a vicious or unruly
nature. The summary judgment evidence showed that Appellee had owned the dog for
over seven years. During that time, the dog had never attacked anyone nor had
the dog acted aggressively around anyone. Appellee had previously socialized the
dog to a number of unfamiliar people and the dog had never shown aggression
towards them. Further, the evidence showed that just prior to the attack,
Appellant sat on the floor and played with the dog without incident for over
fifteen minutes. After the dog bit Appellant, she gave a statement in which she
stated that the dog never behaved aggressively or viciously towards her before
it bit her.
For evidence of Appellee's knowledge of his dog's dangerous disposition
Appellant points to her deposition where she states that she thinks she vaguely
remembers Appellee stating that at one time the dog either chased someone or bit
him. She could not say when this conversation occurred or the specifics of it.
Further, she was unsure whether the dog chased someone or if the dog bit that
person. She stated that she did not have any evidence that the dog had bitten
anyone before. She also testified in her deposition that the dog did not behave
aggressively towards her and her injury resulted from a freak accident. This
testimony fails to raise more than a mere scintilla of evidence of Appellee's
actual or constructive knowledge and is insufficient to defeat a no-evidence
summary judgment.
Appellant was required to prove in her negligence claim and her strict
liability claim that Appellee knew or should have known of the dog's dangerous
propensity. Villarreal, 831 S.W.2d at 477; Lewis, 473 S.W.2d
at 230. Appellant produced nothing more than a mere scintilla of evidence of
such knowledge in front of the trial court in this case. Moore, 981
S.W.2d at 269. Appellant, therefore, could not recover under any of her claims.
We overrule Appellant's second and third points on appeal.
SUMMARY JUDGMENT EVIDENCE
Appellant complains in her first point on appeal that the trial court
improperly excluded proper summary judgment evidence. We hold that even if the
trial court committed error in excluding the evidence, the excluded evidence
would have been legally and factually insufficient to prove knowledge. We will
not reverse a trial court's judgment based on an erroneous evidentiary ruling
unless the ruling probably caused the rendition of an improper judgment. Owens-Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998) (applying TEX. R.
APP. P. 44.1); City of Keller v. Wilson, 86 S.W.3d 693, 708 (Tex.
App.--Fort Worth 2002, no pet.); Elliott v. Elliott, 21 S.W.3d 913, 922
(Tex. App.--Fort Worth 2000, pet. denied). We hold that any error in excluding
the evidence was harmless. We overrule Appellant's first point on appeal.
CONCLUSION
Having overruled all of Appellant's points on appeal, we affirm the trial
court's judgment.
 
                                                                       
SAM J. DAY
                                                                      
JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.
 
DELIVERED: April 3, 2003

1. See TEX. R. APP. P. 47.4.