rodriguez v. haddock

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-01-386-CV

SELINA RODRIGUEZ APPELLANT

V.

H. GREGORY HADDOCK APPELLEE

------------

FROM THE 17
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

In this dog bite case, Appellant, Selina Rodriguez, appeals the trial court’s granting of a no-evidence summary judgment, raising three points:  1) the trial court committed error in failing to consider all the evidence that raised a fact issue on challenged elements; 2) the trial court committed error in granting summary judgment because Appellant pointed out evidence that raised a fact issue over whether Haddock knew or should have known of the dangerous propensities of his dog; and 3) the trial court committed error in granting summary judgment because Appellant pointed out evidence that raised a fact issue over whether Haddock acted negligently.  We affirm the trial court’s judgment.

FACTS

On July 3
, 1998, Gregory Haddock, Appellee, lay in his recliner  recovering from a hernia operation.  Heather Spears, a good friend of Appellee’s, came over to his home with one of her friends, Appellant.  The two women began to fix drinks and noticed Appellee’s two dogs in his backyard. One of the women asked Appellee to allow the dogs in, and he complied.  The dogs bounced around the house excitedly for a few minutes and then seemed to quiet down.  Appellant sat in the floor with one of the dogs and began to pet and play with it.  The dog, a dalmatian, attacked Appellant.  The dalmatian bit the side of Appellant’s face and severed part of her ear.

Appellant brought suit contending that Appellee breached his duty to exercise ordinary care and she also claimed that Appellee was strictly liable for the damage done by his dog.  Ten days before trial, Appellee moved for a no-evidence summary judgment.  The trial court granted the summary judgment, and Appellant perfected this appeal.

STANDARD OF REVIEW

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; In re Mohawk Rubber Co.,
 982 S.W.2d 494, 497-98 (Tex. App.—Texarkana 1998, orig. proceeding).
  
The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) cmt.; 
Moore v. K Mart Corp.,
 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied); 
Jackson v. Fiesta Mart, Inc.,
 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.).

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict.  
Frazier v. Yu
, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied)
; Moore,
 981 S.W.2d at 269.
  We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences.  
Szczepanik v. First S. Trust Co.,
 883 S.W.2d 648, 649 (Tex. 1994).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore
, 981 S.W.2d at 269. 

DISCUSSION

We will address Appellant’s second and third points first.  In the trial court, Appellant claimed that Appellee was liable for the damage done by his dog under theories of strict liability and negligence.  Appellant claims that Appellee acted negligently by allowing the dog in the house near strangers, failing to remove the dog when it became boisterous, failing to warn of the dog’s inherent dangerous propensity, and failing to keep the dog properly contained.  Appellant further claims that Appellee is strictly liable for the injuries because Appellee knew of or should have known of the dog’s inherent dangerous propensity.

To succeed at trial on a strict liability claim, Appellant must present sufficient evidence to prove that 1) the animal is of a vicious, dangerous, or mischievous nature; 2) the owner has actual or constructive knowledge of such characteristics; and 3) the injury or damage resulted from such propensities of which the owner had knowledge.  
Villarreal v. Elizondo
, 831 S.W.2d 474, 477 (Tex. App.—Corpus Christi 1992, no writ); 
Owens v. Coury
, 614 S.W.2d 926, 928 (Tex. Civ. App.—Amarillo 1981, no writ). 

To prevail on a negligence cause of action, the plaintiff must establish damages caused by a breach of a duty.  
Van Horn v. Chambers
, 970 S.W.2d 542, 544 (Tex. 1998); 
Fitzpatrick v. Copeland
, 80 S.W.3d 297, 301 (Tex. App.—Fort Worth 2002, no pet.).  A dog owner has the general duty to exercise reasonable care to avoid foreseeable injury to others.  
See Kehler v. Eudaly
, 933 S.W.2d 321, 330 (Tex. App.—Fort Worth 1996, writ denied).  Whether the risk of injury from a dog bite is foreseeable depends in part on the owner’s actual or constructive knowledge of the vicious propensities of his dog.  
Dunnings v. Castro
, 881 S.W.2d 559, 564 (Tex. App.—Houston [1
st
 Dist.] 1994, writ denied) (op. on reh’g);
 Gill v. Rosas
, 821 S.W.2d 689, 691 (Tex. App.—El Paso 1991, no writ)
.  Further, we have previously held that the owner of a domestic animal is not liable for injuries caused by it in a place where it has the right to be, absent actual or constructive knowledge by the owner of the animal’s vicious propensities or vicious or unruly nature.  
Lewis v. Great S.W. Corp.
, 473 S.W.2d 228, 230 (Tex. Civ. App.—Fort Worth 1971, writ ref’d n.r.e.).  Because the dog bit Appellant while it was in its own home, Appellant must show more than a mere scintilla of evidence that Appellee knew or should have known of the dog’s dangerous nature under her negligence theory as well as her strict liability theory.  
Id.
 

In the present case, Appellant produced no evidence to show knowledge on the part of Appellee that his dog had a vicious propensity or a vicious or unruly nature.  The summary judgment evidence showed that Appellee had owned the dog for over seven years.  During that time, the dog had never attacked anyone nor had the dog acted aggressively around anyone.  Appellee had previously socialized the dog to a number of unfamiliar people and the dog had never shown aggression towards them.  Further, the evidence showed that just prior to the attack, Appellant sat on the floor and played with the dog without incident for over fifteen minutes.  After the dog bit Appellant, she gave a statement in which she stated that the dog never behaved aggressively or viciously towards her before it bit her.

For evidence of Appellee’s knowledge of his dog’s dangerous disposition Appellant points to her deposition where she states that she thinks she vaguely remembers Appellee stating that at one time the dog either chased someone or bit him.  She could not say when this conversation occurred or the specifics of it.  Further, she was unsure whether the dog chased someone or if the dog bit that person.  She stated that she did not have any evidence that the dog had bitten anyone before.  She also testified in her deposition that the dog did not behave aggressively towards her and her injury resulted from a freak accident.  This testimony fails to raise more than a mere scintilla of evidence of Appellee’s actual or constructive knowledge and is insufficient to defeat a no-evidence summary judgment.

Appellant was required to prove in her negligence claim and her strict liability claim that Appellee knew or should have known of the dog’s dangerous propensity.  
Villarreal,
 831 S.W.2d at 477; 
Lewis,
 473 S.W.2d at 230.  Appellant produced nothing more than a mere scintilla of evidence of such knowledge in front of the trial court in this case.  
Moore
, 981 S.W.2d at 269. 
 Appellant, therefore, could not recover under any of her claims.  We overrule Appellant’s second and third points on appeal.

SUMMARY JUDGMENT EVIDENCE

Appellant complains in her first point on appeal that the trial court improperly excluded proper summary judgment evidence.  We hold that even if the trial court committed error in excluding the evidence, the excluded evidence would have been legally and factually insufficient to prove knowledge.  We will not reverse a trial court's judgment based on an erroneous evidentiary ruling unless the ruling probably caused the rendition of an improper judgment.  
Owens-Corning Fiberglas Corp. v. Malone
, 972 S.W.2d 35, 43 (Tex. 1998) (applying T
EX
. R. A
PP
. P. 44.1); 
City of Keller v. Wilson
, 86 S.W.3d 693, 708 (Tex. App.—Fort Worth 2002, no pet.); 
Elliott v. Elliott
, 21 S.W.3d 913, 922 (Tex. App.—Fort Worth 2000, pet. denied).  We hold that any error in excluding the evidence was harmless.  We overrule Appellant’s first point on appeal.

CONCLUSION

Having overruled all of Appellant’s points on appeal, we affirm the trial court’s judgment.  
 

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

DELIVERED: April 3, 2003

FOOTNOTES
1:
See
 T
EX
. R. A
PP
. P. 47.4.