Melvin **FRAZIER**, Appellant,

v.

Elmore **FRAZIER**, Appellee.

No. 7012

Court of Civil Appeals of Texas.

Beaumont.

Jan. 30, 1969.

Rehearing Denied Feb. 27, 1969.

Jack R. King, Beaumont, for appellant.

D. F. Sanders, Beaumont, for appellee.

PARKER, Chief Justice.

In the trial before the Court without a jury, judgment was entered for the Defendant, Elmore Frazier, for the title and possession of certain real estate as against Melvin Frazier and Intervenor, Alvin G. Randolph.

The judgment further provides:

"THE COURT FURTHER FINDS, ORDERS, ADJUDGES AND DECREES that the intervenor, Alvin G. Randolph had actual notice and knowledge of the rights, title and interest and claim of the said Elmore Frazier, and said Alvin G. Randolph was not an innocent purchaser for value.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that a certain deed, dated August 20, 1965, wherein Melvin Frazier is the Grantor and Alvin G. Randolph is the Grantee, covering said lot Twenty-Three (23), in Block Eight (8) of the Booker Heights Addition to the City of Beaumont, Jefferson County, Texas, which said deed is recorded in Vol. 1437 at page 158 in the Deed Records of Jefferson County, Texas, that said deed is hereby held and declared to be null and void and of absolutely no effect, *as against Elmore Frazier*. [Emphasis ours.]

\* \* \* \* \* \*

"THE COURT FURTHER FINDS that the plaintiff Melvin Frazier should be awarded and is hereby awarded as his separate property, in the future, from and after the date of this judgment, all

of his rights, title and interest into the Railroad Retirement Act and Railroad Unemployment Insurance Act and all funds on deposit thereunder."

Randolph has not appealed and Melvin Frazier is the sole Appellant.

In the Trial Court, the pleadings were:

(a) On July 28, 1964, Melvin Frazier sued Elmore Frazier for partition of Lot 23, in Block No. 8, Booker Heights Addition, alleging it was owned by them, share and share alike, and that when the parties obtained a divorce on November 27, 1963, or prior thereto, no disposition or division was made of such property;

(b) The Defendant, Elmore Frazier, answered by general denial filed on August 25, 1964;

(c) On September 20, 1966, Alvin G. Randolph intervened as a party Plaintiff alleging that he had purchased and owned the undivided one-half interest formerly owned by Melvin Frazier in such property and adopted the allegations in the Original Petition of Melvin Frazier;

(d) In Defendant's Second Amended Answer, filed December 4th, 1967, Elmore Frazier had a general denial, specially denied that the property was owned in whole or in part by Melvin Frazier or Alvin G. Randolph, Intervenor, further alleging:

"In this connection, the defendant would show the Court that prior to her divorce from the plaintiff herein, plaintiff and defendant had agreed as to distribution of the community estate, that she was to take the above described property for her sole and separate use and benefit, as her sole and separate property, and the plaintiff, Melvin Frazier, was to receive as his sole and separate property the funds on deposit with the United States of America Railroad Retirement Board."

She further alleged that the deed from Melvin Frazier to Randolph was fraudulent with no consideration being paid to Frazier and executed wholly to give rise to Intervenor's cause of action; that the "Plaintiff, or former husband, refused to convey the same to her as agreed upon, and in order to defraud her of her fee simple claim thereto, colluded with his close friend, Alvin G. Randolph, in conveying said property to him for no consideration but solely in order to give rise to the intervenor's cause of action;" and she further alleged that Randolph had notice prior to the conveyance to him by Melvin Frazier that Elmore Frazier claimed the entire property and that the Intervenor was not a bona fide purchaser without notice. Elmore Frazier prayed that Intervenor take nothing; that upon a trial, judgment be entered in her favor awarding her the real estate as her sole and separate property and for general relief;

(e) Plaintiff and Intervenor in First Supplemental Petition, filed December 8, 1967, excepted to the above pleading, but in no manner answered the allegations therein; and

(f) There are no pleadings on the part of Melvin Frazier or Randolph against the other.

Appellant's first point of error is:

## "FIRST POINT OF ERROR

"Trial Court erred in divesting Plaintiff, Melvin Frazier and Intervenor, Alvin G. Randolph of title in real estate owned by Intervenor, Alvin G. Randolph and Defendant, Elmore Frazier as tenants in common."

Melvin Frazier had divested himself of title to the real estate by his deed to Alvin G. Randolph dated August 20, 1965. Randolph made himself a party to the suit, setting up the deed unto himself from Melvin Frazier, and adopted the allegations of Melvin Frazier against Elmore Frazier. By the trial court judgment, Elmore Frazier recovered the title to and possession of the real estate as against Melvin Frazier and Alvin G. Randolph, declaring and adjudging the deed from Melvin Frazier to Randolph

to be null and void as against Elmore Frazier, which adds nothing to the recovery by her of the land from Melvin Frazier and Randolph. Randolph has not appealed. Upon the trial, both Frazier and Randolph testified to a valuable consideration having been paid by Randolph to Frazier for such deed and that it was a deed and not a mortgage. In the brief of Appellant, Melvin Frazier, he says Randolph "was purchasing the interest of the Appellant, Melvin Frazier. The transaction was an arm length transaction accompanied by the payment of valuable consideration by the Appellant, Alvin G. Randolph." Randolph is *not* an Appellant. The Appellant, Melvin Frazier, is restricted to the theory on which the cause was tried in the lower court. He could not assume an attitude on appeal with reference to the deed from him to Randolph inconsistent to that taken at the trial. Melvin Frazier is restricted to the theory upon which the cause was prosecuted or defended in the court below. Randolph, not having appealed and not being an Appellant, and Melvin Frazier, having divested himself of title to the land by his deed to Randolph, Point of Error No. 1 is overruled.

Appellant's other points of error are as follows:

### "SECOND POINT OF ERROR

"Trial Court erred in finding that an agreement for the division of community property existed between Plaintiff-Appellant, Melvin Frazier and Defendant-Appellee, Elmore Frazier.

### "THIRD POINT OF ERROR

"Trial Court erred in considering the Railroad Retirement Fund covering the Plaintiff in his effort to divide property owned and possessed by the parties as tenants in common.

### "FOURTH POINT OF ERROR

"Trial Court erred in finding that the Intervenor, Alvin G. Randolph was not an innocent purchaser for value.

### "FIFTH POINT OF ERROR

"Trial Court erred in finding that the Plaintiff, Melvin Frazier or Intervenor, Alvin G. Randolph were guilty of any fraud with regard to the transfer of title to Plaintiff's interest in the property in question."

The only property involved before the trial court was the real property, and the rights, title, and interest in the Railroad Retirement Act and Railroad Unemployment Insurance Act and all funds on deposit thereunder. Melvin Frazier was awarded all of such personal property by the trial court. By his deed to Randolph, he had divested himself of all title to the real property. Therefore, these points of error urged by the sole Appellant, Melvin Frazier, are each and all overruled.

Note that if this court sustained Appellant's Point of Error No. 4, Melvin Frazier would not be entitled to have the judgment of the trial court changed. Frazier maintains in such point of error that he had conveyed all interest in Lot 23 to Randolph as he contended in the trial court. Again, Randolph is not before this court. The deed of August 20, 1965 was a quitclaim. Randolph never by affirmative pleading nor while testifying contended he was a bona fide purchaser for value as against Elmore Frazier, for which reasons, also, Point of Error No. 4 is overruled.

As to all points of error, Appellant has not shown he has been injuriously affected by any action or the judgment of the trial court.

Judgment of the trial court is affirmed.