Philip Marvin CORDELL III, Appellant,

v.

Mary Ann Long CORDELL, Appellee.

No. 8722.

Court of Civil Appeals of Texas, Texarkana.

Dec. 21, 1979.

Joe H. Reynolds, L. Chris Butler, Reynolds, Allen & Cook, Houston, for appellant.

Lance C. Winchester, J. Lindsey Short, Jr., Lilly, Hamilton & Short, Houston, for appellee.

RAY, Justice.

This is a divorce case. Appellee (petitioner), Mary Ann Long Cordell, petitioned the District Court of Harris County to grant her a divorce from appellant (respondent), Philip Marvin Cordell, III, and to award her the managing conservatorship of their minor child, plus child support and attorney's fees. The case was tried to the court without a jury and judgment was entered granting appellee a divorce, the managing conservatorship of the child, child support, a division of the estate of the parties, a future cash payment of $5,000.00 and attorney's fees. Appellant husband has perfected his appeal and submits ten points of error for our consideration.

The judgment of the trial court will be modified, and as modified will be affirmed.

Appellant complains of the judgment of the trial court requiring him to pay $5,000.00 to appellee on or before January 1, 1981; the award of $150.00 per month child support; and award of $2,500.00 to

appellee's attorney for legal services and the award of $434.00 for legal services to the attorney ad litem for the minor child. Appellant asks this Court to modify the trial court's judgment to eliminate the future payment of $5,000.00; to totally eliminate the award of attorney's fees; and, to reduce the amount of child support payments from $150.00 to $75.00 per month and to make the $75.00 payable in two installments during each month.

The parties were married on June 2, 1973. Their only child, Philip Fletcher Cordell, was born on November 5, 1975. When the parties were married, it was their intention that upon graduation from the University of Arkansas, that the appellant would further his education by attending medical school. When this goal could not be reached, the decision was made that appellant would attend dental school. Appellant testified that he entered dental school in July of 1976 and has been a full time student at the University of Texas Dental School at the Medical Center in Houston and that all his dental school expenses have been paid for by his parents.

Appellee testified that the parties separated in April 1977 and that since that time the appellant has provided no financial support for the care of his child. Appellee has been employed as a personnel consultant and she stated that her average monthly net income was $941.00, but that expenses for the child were $830.00 per month. (Petitioner's Exhibit No. 1). Appellee testified that she needed approximately $350.00 per month from appellant to support the minor child.

Appellant testified that he had no present income because of his full time student status. Appellee testified that appellant had been offered part time work at night and on weekends but appellant said he had not been working because he had decided that he was too far behind in his college work.

The testimony revealed that eighteen months prior to the divorce proceedings, but during the period of separation, the husband had taken vacations to Cozumel, Mexico; Vail, Colorado; and, New Orleans, Louisiana. Appellant responded that the money necessary to make these trips was received from his parents. There was testimony that appellant engaged in athletic endeavors during a portion of his free time.

■ This Court has examined the record and concluded that the future cash payment of $5,000.00 awarded to the wife is alimony and that such award is against the public policy of this State. In *Francis v. Francis*, 412 S.W.2d 29, 33 (Tex.1967), the Supreme Court of Texas stated that the statutes and public policy of Texas do not sanction alimony for the wife after a judgment of divorce has been entered and makes the distinction between alimony and contractual obligations. The court stated:

". . . In this State as in other states, alimony is an allowance for support and sustenance of the wife, periodic or in gross, *which a court orders a husband to pay*; but in this State, unlike in other states, such support payments may be ordered only 'until a final decree shall be made in the case.' Art. 4637; *Cunningham v. Cunningham,* supra. Support payments ordered to be made after divorce from the income from the husband's property, although considered alimony in many jurisdictions, is not considered alimony in this State. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *Keton v. Clark*, 67 S.W.2d 437 (Tex.Civ. App.—Waco 1933, writ refused). When its true meaning is distilled from the statutes and the court decisions of this State, alimony which contravenes the public policy of the State is only those payments imposed by a court order or decree on the husband as a personal obligation for support and sustenance of the wife after a final decree of divorce."

■ A contractual obligation assumed by the husband, as part of a property settlement, to make future periodic or lump sum payments for the support and maintenance of the wife after the divorce decree becomes final is not alimony and does not violate the public policy of this State.

In *Benedict v. Benedict*, 542 S.W.2d 692 (Tex.Civ.App. Fort Worth 1976, writ dism'd), it was decided that monthly payments to the wife after the divorce decree by the husband were not alimony when the payments were a part of the property division and the monthly payments were coming from the proceeds of the property in existence at the time of the divorce. There the court Ĥeld:

"Essentially the law is that the courts are not authorized to decree an award of permanent alimony for the support of the divorced wife because to do so would be to contradict the public policy of the state; however, an award is not alimony which is forbidden by law, where in the property settlement provisions of a divorce decree one of the parties is required to make payments to the other after the divorce and the payments are *referable to any property that either spouse may have owned or claimed at the time of the decree* which is part of the existing property which the court apportions. . . ."

In the present case, the future payment of $5,000.00 was not referable to any property that either spouse may have owned or claimed at the time of the decree and the record does not reflect that such payment was a part of the division of the estate of the parties. We therefore hold that the future payment of $5,000.00 was alimony and against the public policy of this State. *Francis v. Francis*, supra; *In The Matter Of Marriage Of Long*, 542 S.W.2d 712 (Tex.Civ. App. Texarkana 1976, no writ).

■ The child support imposed by the trial court of $150.00 per month was a very modest sum. While appellant contended that he had no income from which to make the child support payments, it seems reasonable that he could have obtained part time employment to produce this modest amount. The husband has a duty to supply necessaries to his children, both before and after divorce. *Gully v. Gully*, 111 Tex. 233, 231 S.W. 97 (1921); *Cooper v. Cooper*, 513 S.W.2d 229, 234 (Tex.Civ.App. Houston—1st Dist.1974, no writ); *Ondrusek v. Ondrusek*, 561 S.W.2d 236 (Tex.Civ.App. Tyler 1978, no

writ); *Nixon v. Nixon*, 540 S.W.2d 740 (Tex. Civ.App. Texarkana 1976, no writ); *Wetzel v. Wetzel*, 514 S.W.2d 283 (Tex.Civ.App. San Antonio 1974, no writ); *Eggemeyer v. Eggemeyer*, 535 S.W.2d 425 (Tex.Civ.App. Austin 1976), *affirmed,* 554 S.W.2d 137 (Tex.1977). In *Eggemeyer*, the Austin Court of Civil Appeals stated at page 427,

". . . The amount of child support payments awarded by the judgment will not be revised merely because the reviewing court considers those payments too high or too low. . . ."

While it is admirable that appellant seeks a graduate degree to become a dentist, we are of the opinion that such must be weighed against his duty and responsibility, imposed by law, to support his child. As balanced between his education and his legal duty to support his child, we must hold that the duty to support his child is primary and that the trial court did not abuse its discretion in ordering appellant to pay $150.00 per month for child support.

■ The evidence reveals that the amount of the bill for legal services incurred by the wife was $6,027.00. In Finding of Fact No. 11 the trial court found and in the final judgment ordered the husband to pay $2,500.00 to appellee's attorney as a *portion* of the reasonable attorney's fees incurred by her. The testimony showed the attorney ad litem's bill to be $684.10 of which the court ordered appellant to pay $434.00. While a wife does not have an absolute right to attorney's fees in a divorce case, we think it is well settled that the allowance of attorney's fees and the amount thereof are within the sound discretion of the trial court. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950); *Wallace v. Briggs*, 348 S.W.2d 523 (Tex.1961); *In Re Marriage Of Jackson*, 506 S.W.2d 261 (Tex. Civ.App. Amarillo 1974, writ dism'd); *Roberson v. Roberson*, 420 S.W.2d 495 (Tex. Civ.App. Houston—14th Dist. 1967, writ ref'd n. r. e.). We have concluded that the trial court did not abuse its discretion in awarding attorney's fees to appellee's attorney and the attorney ad litem, and further, the court did not abuse its discretion in deciding the amounts to be awarded.

The judgment of the trial court awarding a cash payment of $5,000.00 to the appellee is reversed and judgment is here rendered that appellee is not entitled to recover such sum because same is alimony and against the public policy of this State. The remainder of the judgment of the trial court is in all things affirmed.