John Kenneth BUCK, Appellant,

v.

Nancy Faye ROGERS, Appellee.

No. 13–85–032–CV.

Court of Appeals of Texas,
Corpus Christi.

March 20, 1986.

Rehearing Denied April 17, 1986.

William H. Berry, Jr., Corpus Christi, for appellant.

James H. Robichaux, Corpus Christi, for appellee.

Before SEERDEN, UTTER and BENA-VIDES, JJ.

## OPINION

SEERDEN, Justice.

Appellee sued to recover damages for breach of contract, for common law fraud and to obtain a declaratory judgment concerning the property settlement agreement the parties executed in conjunction with their divorce. Pursuant to a jury verdict, the judge awarded appellee $53,230.00 in actual damages, $5,000.00 in exemplary damages, $17,500.00 in attorney's fees, and ½ of all of appellant's future recoveries from the disputed contingent fee contracts. We affirm the trial court's judgment.

Appellant is a practicing attorney. Prior to their divorce, the parties negotiated their property division. On July 23, 1981, appellant filed an inventory which he swore was a full and complete list of all separate and community property "in my possession or subject to my control ... and the value thereof." Appellant included many items valued at less than $150.00. On August 12, 1981, appellant filed an amended inventory which he again swore was a complete list of the property under his control. This list

was so detailed that it included an edger (item 43) valued at "$0.00" and drinking glasses (item 50) valued at $5.00. The list also included items with "unknown" and "no cash value" entered in the column for valuation.

The first inventory did not mention any property interest in appellant's law practice; the amended inventory included an item entitled "Law practice of John Buck, Attorney." The value of this item was listed as, "(a) Accounts receivable $2,361.00; (b) Draw account $2,229.49." Appellant provided ledger sheets purporting to show his interest in accounts receivable and attorney's fees from the law office. This was the only valuation of appellant's law practice.

On August 26, 1981, the court approved the parties' divorce decree and the incorporated property settlement agreement which the parties had executed. In paragraph 2.4 of the agreement, the parties warranted to each other that they had made "a full and fair disclosure to the other of all of his or her property interest of any nature whatsoever...." They further agreed that if it was later discovered that property with a fair value of $150.00 or more had not been disclosed, that property would be owned 50% by each party.

After the property settlement and divorce, appellee discovered that appellant had owned a contingent fee interest in two personal injury claims. It is undisputed that these interests were acquired during the marriage of the parties and were community property. It is also undisputed that appellant has received $106,460.00 as his share of the recovery in the two contingent fee cases and that the major case, known as a "grain elevator" case, was settled as to some parties, but was still pending against some defendants at the time of the trial below and had additional potential value.

When appellee discovered appellant's interest in the claims, she demanded a share of the proceeds from appellant. When he refused her demand, she sued.

In his first two points of error, appellant challenges the jurisdiction of the trial court, claiming that appellee's remedy, if any, should have been pursued by either Partition or Bill of Review and that the Uniform Declaratory Judgments Act, TEX. CIV.PRAC. & REMS.CODE §§ 37.003 and 37.004 (Vernon 1986) (formerly TEX.REV. CIV.STAT.ANN. art. 2524–1 (Vernon Supp. 1985)) should not apply. We disagree. Appellee's suit is primarily brought under the property settlement agreement, in which the parties agreed on the manner in which undisclosed property would be owned. The agreement, approved by the court, is treated as a contract, *see Francis v. Francis,* 412 S.W.2d 29, 33 (Tex.1967); *Hutchings v. Bates,* 406 S.W.2d 419, 420 (Tex.1966); *Wilson v. Teacher Retirement System of Texas,* 617 S.W.2d 329, 331 (Tex.Civ.App.— Amarillo 1981, no writ); *Cordell v. Cordell,* 592 S.W.2d 84, 85 (Tex.Civ.App.—Texarkana 1979, no writ), and may be enforced in the same manner as any other contract.

Likewise, Sections 1–3 of the Uniform Declaratory Judgment Act, specifically give courts of record the power to construe and declare the rights of parties to contracts. If a declaratory judgment will terminate the uncertainty or controversy giving rise to a suit, the district court has a duty to declare the rights of the parties as to the matters at issue. *Calvert v. Employees Retirement System of Texas,* 648 S.W.2d 418, 419 (Tex.App.—Austin 1983, writ ref'd n.r.e.). Since the parties disputed whether the property settlement agreement applied to the contingent fee contracts, and since additional recovery may be made under one of the contracts, the court had jurisdiction to render a declaratory judgment. We overrule appellant's first two points of error.

By points three, four, and seven through seventeen, appellant claims that the court erred because various findings are not properly supported by the evidence. In reviewing "no evidence" points, we follow the well-established test set out in *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400, 401 (Tex.1981) and consider only the evidence and inferences tending to

support the findings, and disregard all evidence and inferences to the contrary. In reviewing "factually insufficient evidence" points, we consider all of the evidence. *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980); *Allied Finance Co. v. Garza,* 626 S.W.2d 120, 125 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 361 (1960).

■ By points three and four, appellant complains that the court had no evidence of the value of appellant's services prior to and after the divorce and thus erred in the measure of damages in Special Issue No. 2. Appellee is seeking enforcement of Paragraph 2.4 of the Property Settlement Agreement. Paragraph 2.4 does not provide for a partition with set-offs which may have been appropriate had the property been disclosed at the time of divorce. Paragraph 2.4 divides any undisclosed property valued over $150.00 so that it is owned "fifty percent (50%) by each party." The value of appellant's services is not relevant under Paragraph 2.4. We overrule points three and four.

Appellant's points thirteen and fourteen urge that the evidence is insufficient or that its great weight and preponderance does not support the conclusion that appellant breached his contract under the Property Settlement Agreement. Appellant claims that no issues were submitted or facts found that appellant failed to disclose ownership of property with a value of at least $150.00, and that testimony on the value of appellant's services in the contingent fee cases, both before and after the divorce, was conflicting.

■ Under the Property Settlement Agreement, the parties warranted that they had disclosed *all* property of *any* nature. The instrument overlooks breaches of up to $150.00 in value, but provides that undisclosed property with a value over $150.00 "shall be owned fifty percent (50%) by each party." Appellant admitted that he did not disclose his interest in the contingent fee cases. The fact that its value increased or decreased does not change the fact that appellant violated his duty to disclose ownership.

From the jury's answer to Special Issue No. 2, awarding appellee $53,230.00 as her share of the value of property not disclosed by appellant, we infer a finding that the property was worth more than $150.00. Moreover, attorney Scott Cook testified that the value of appellant's interest in the "grain elevator" cases was more than $150.00 at the time of the divorce (August 1981). In addition, the fact that appellant received more than $106,000.00 substantiates Cook's testimony. As discussed under points three and four, the value of appellant's services is not part of the formula under Paragraph 2.4. Thus, sufficient evidence supports the conclusion that appellant breached Paragraph 2.4 of the Property Settlement Agreement. Since appellant failed to disclose property valued at over $150.00, appellee is entitled to half. We overrule points thirteen and fourteen.

■ Appellant's points seven, eight, and nine challenge the evidence supporting "each and every element under the general charge of fraud submitted by the court." The jury found fraud by its response to Special Issue No. 5. The elements of actionable fraud in Texas are (1) that a material misrepresentation was made, (2) that it was false, (3) that, when the speaker made it, he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion, (4) that he made it with the intention that the party act on it, (5) that the party acted in reliance on it, and (6) that the party thereby suffered injury. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 930 (Tex.1983). Appellant's inventory, which omitted the contingent fee cases, was sworn and represented to be complete. Evidence that it was false and that appellant knew it was false includes testimony that appellant had filed a petition in one of the cases in April, 1981, prior to filing the inventory. Appellee's divorce attorney, Shirley Selz, testified that the inventory was furnished to facilitate property settlement and was relied on in dividing the property. Scott Cook, an expert in divorce

and family law, testified that representations concerning full disclosure are material. The injury appellee suffered was that she was deprived of having her interest in the contingent fee contracts determined at the time of divorce. We overrule points seven through nine.

By points ten through twelve, appellant challenges the evidence supporting the award of exemplary damages. Exemplary damages may be awarded to a party who has suffered actual damage as the result of fraud intentionally committed for the purpose of injuring him. *Dennis v. Dial Finance & Thrift Co.*, 401 S.W.2d 803, 805 (Tex.1966). The finding of fraud and the evidence supporting the finding, reviewed above, support the award of exemplary damages. Additionally, appellee adduced evidence at trial of appellant's bad faith. This included testimony of his former law partner and friend, Michael Sheehan, and evidence of appellant's harassment of appellee during the time period in which he failed to make the disclosure. We overrule points ten through twelve.

By points five and six, appellant claims that the court erred in submitting Special Issue No. 4 because it is a comment on the evidence and a conjunctive submission of a multifarious issue. It read: "Do you find that Defendant John Buck has failed and refused to give Nancy Rogers her interest in the property received from the two lawsuits referred to in Special Issue No. 1 above?"

Under point five, appellant, in his brief, complains that Special Issue No. 4 is improper "for the evidence is undisputed that Buck failed to furnish information on contingent fee cases, but there is no evidence that he 'refused' to do so." At trial, however, appellant's counsel stated that Special Issue No. 4 was unnecessary because it was undisputed that appellant had "refused to give Nancy Rogers her interest, if any, in the property." Counsel cannot now urge what was conceded at trial. *See Frazier v. Frazier*, 437 S.W.2d 877, 879 (Tex. Civ.App.—Beaumont 1969, writ dismissed); *Walter E. Heller & Co. v. Allen*, 412 S.W.2d 712, 718 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.).

In response to counsel's trial objection that the issue presupposed that appellee had an interest, the court conditioned Special Issue No. 4 on a positive answer to Special Issue No. 1. Since Special Issue No. 4 was to be considered only if the jury found that appellant had failed to disclose the contingent interest in the cases he had acquired during their marriage, Special Issue No. 4 does not impermissibly comment on the evidence. We overrule points five and six.

By point nineteen, appellant claims that the court erred in its admonitory instructions by advising the jury that it made no difference whether it considered the effects of its answers. We have examined the record, including the portions appellant cites, and find that the judge did *not* tell the jury that it made no difference whether it considered the effects of its answers. The judge said, "But you're not to be concerned with the effect of your answers." We overrule point nineteen.

By point eighteen, appellant complains that improper evidence from the divorce litigation led to an improper verdict. Specifically, appellant objects to admission of testimony, pleadings, and affidavits from the divorce suit alleging that appellant assaulted appellee and dislodged her tooth, allegations that appellant had an affair, and references to the lawyer's oath, which allegedly held him to a higher standard than required by law.

We find no trial objection concerning the mention of the lawyer's oath or whether appellant should be held to a higher standard. The other evidence concerned appellant's behavior during the pendency of the divorce. It was relevant to appellee's action for fraud and exemplary damages to show appellant's intent. It was also admissible to rebut appellant's defense. At trial, appellant took the position that his nondisclosure of the cases was based on a good faith belief that they were assets of no value. In rebuttal, appellee was entitled to

show that appellant's nondisclosure was part of a course of vindictive conduct by offering evidence of his acts during this period which showed his intent. *Payne v. Hartford Insurance Co.,* 409 S.W.2d 591, 594 (Tex.Civ.App.—Beaumont 1966, writ ref'd n.r.e.); TEX.R.EVID. 404(b). We overrule point eighteen.

This Court must affirm the judgment of the trial court if it can be upheld on any legal theory that finds support in the evidence. *Godde v. Wood,* 509 S.W.2d 435, 444 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). Given our disposition of points one through fourteen, eighteen, and nineteen, we decline to review points fifteen through seventeen.

We AFFIRM the judgment of the trial court.