**Floyd O. NIX, Appellant,**

v.

**Ann M. NIX, Appellee.**

**No. 13–89–123–CV.**

Court of Appeals of Texas, Corpus Christi.

May 31, 1990.

Rehearing Overruled Aug. 31, 1990.

William W. Keas, Jr. and William J. Kelly, Corpus Christi, for appellant.

Ronald B. Brin, Thomas F. Nye and Alan J. Couture, Brin & Brin, Corpus Christi, for appellee.

Before SEERDEN, UTTER and KENNEDY, JJ.

OPINION

SEERDEN, Justice.

Floyd Nix appeals from a judgment for conversion and fraud rendered against him and in favor of his ex-wife, Ann Nix, in the amount of $124,194.43. We reverse the judgment of the trial court.

The parties were divorced in 1971. Pursuant to their property agreement, Ann was to receive twenty-five percent of Floyd's retirement benefits from Exxon Oil Company. In 1986, when Floyd retired, Ann filed a motion for contempt and enforcement of the agreement in the District Court in which the divorce was rendered. Count II of the motion contained a breach of contract allegation: that Floyd had breached the agreement to pay the benefits owed to Ann under the contract. The trial court, based on Floyd's motion, severed this breach of contract claim from the contempt action. The order of severance reflects that the breach of contract claim was to be set in the 105th District Court of Kleberg County. Ann then abandoned her breach of contract claim in her First

Amended Original Petition and made a general fraud and conversion allegation. In her Second Amended Original Petition, she made the same allegations, and more specifically set out an allegation of forgery and failure of consideration. The jury returned affirmative findings of fraud and conversion and awarded $52,469.99 in actual damages and $60,786.00 in exemplary damages.

By point of error number one, appellant alleges that the trial court lacked jurisdiction over the subject matter of the cause of action. The 105th Judicial District Court, on its own motion, transferred the case to the County Court at Law of Kleberg County. No formal transfer order appears in the record. Prior to trial, Ann filed a plea to the jurisdiction of the court, which was joined by Floyd. Both parties stipulated that the amount in controversy was over $100,000.00. The basis of the plea to jurisdiction was that the amount in controversy exceeded $100,000.00 and that her cause of action was not incident to the divorce, but rather a tort action.

Tex.Gov't Code Ann. § 25.0003 (Vernon 1990) provides that a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has jurisdiction with the district court in civil cases in which the matter in controversy exceeds $500 but does not exceed $5,000, excluding interest. Additionally, Tex.Gov't Code Ann. § 25.1392 (Vernon 1990) grants concurrent jurisdiction to Kleberg County Court at Law with the district court in 1) cases in which the matter in controversy exceeds $500 and does not exceed $50,000, excluding interest; and 2) family law cases and proceedings. Section 25.0002 (Vernon 1988) defines "family law cases and proceedings" as "... including the adjustment of property rights ... and independent actions ... between spouses."

■■■ The amount in controversy at the time of filing a pleading is the determining sum for jurisdictional purposes. *Tejas Toyota, Inc. v. Griffin,* 587 S.W.2d 775, 776 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.). Once jurisdiction has been properly acquired, no subsequent fact serves to defeat it. *Flynt v. Garcia,* 587 S.W.2d 109, 109–110 (Tex.1979); *Megason v. State,* 791 S.W.2d 221 (Tex.App.—Corpus Christi 1990). At the time this suit was filed the only pertinent allegation was that the amount in controversy "amounts to more than the minimal jurisdictional limits of this Court." Since the case was filed in the District Court, this allegation was sufficient to show jurisdiction in that Court. TEX.CONST. art. V, § 8. This allegation, standing alone, however, is not sufficient to confer jurisdiction on the Kleberg County Court at Law, as there is no indication that the amount in controversy did not exceed the maximum limit of its jurisdiction. Indeed, when the question was raised, all parties conceded that the amount in controversy was in excess of that court's jurisdiction.

Likewise, the matter was not a family law case or proceeding. The rights of the parties concerning appellant's retirement benefits had been finally determined in their 1971 property agreement. This case is simply a suit for breach of that agreement, as well as for fraud and conversion. *Buck v. Rogers,* 709 S.W.2d 283 (Tex.App.—Corpus Christi 1986, no writ), was a suit by a former wife to enforce certain contractual provisions in the divorce decree. An attack on the trial court's jurisdiction was made by a contention that the matter was part of the divorce case. We rejected such contention, held the matter should be treated as a contract, and concluded that the separate suit was proper. *See Buck,* 709 S.W.2d at 285. Similarly, we hold that this is a suit for breach of contract and for fraud and not a family law case or proceeding. The Kleberg County Court at Law did not have jurisdiction to decide this case.

Because of our holding on point of error number one, it is unnecessary to discuss appellant's remaining points of error. Tex. R.App.P. 90(a).

The judgment of the trial court is REVERSED and the cause REMANDED to the 105th District Court of Kleberg County, Texas.

UTTER, J., not participating.

## OPINION ON MOTION FOR REHEARING

In her motion for rehearing, appellee points out that we failed to rule on the cross-point presented in her original brief. This cross-point complained of the trial court's overruling of her motion for judgment n.o.v., which contended that, as a matter of law, the property settlement agreement established the amount appellee should have received from appellant's retirement.

Our holding on point of error number one requires the denial of appellee's cross-point; since the trial court had no jurisdiction to hear the case, any error in failing to grant a motion during trial would be harmless. Appellee's other points on rehearing are covered in our original opinion.

In addition to appellee's motion for rehearing, the judge of the trial court has submitted a letter to the Court stating that his retention of jurisdiction was based on the language of Tex.Gov't Code Ann. § 25.0002 which defines "family law cases and proceeding" as including "divorce and marriage annulment, including adjustment of property rights ... and every other matter incident to divorce or annulment proceedings...." While we agree that the contract in this case was entered into as an incident to divorce, the suit for damages resulting in the alleged breach of the same is completely independent of the divorce and not incident to the divorce proceedings. *Buck v. Rogers,* 709 S.W.2d 283 (Tex.App.—Corpus Christi 1986, no writ).

The motion for rehearing is overruled.

UTTER, J., not participating.