**Joe VILLARREAL, Individually and d/b/a Villarreal Auto Mart, Appellant,**

v.

**Walter ELIZONDO, Appellee.**

No. 13–91–512–CV.

Court of Appeals of Texas, Corpus Christi.

May 14, 1992.

475

Randall W. Friebele, Richard D. Schell, Harlingen, for appellant.

Arturo R. Cantu, Edinburg, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

In a trial to a jury for deceptive trade practices, violations of the Vehicle Installment Sale Act (Tex.Rev.Civ.Stat.Ann. art. 5069–7.01 *et seq.* (Vernon 1987)), and personal injuries, Walter Elizondo obtained a judgment against appellant for $20,796. By nine points of error, appellant complains that the trial court did not have subject matter jurisdiction and that no evidence or insufficient evidence supports liability. We affirm the trial court's judgment.

Elizondo purchased a car from appellant in December of 1987. The parties negotiated in Spanish and agreed that Elizondo would pay $2,300 for the car. Elizondo then paid $500 down and signed a note written in English. The note provided for biweekly payments of $65.00. Elizondo alleged that he and appellant agreed that the first payment would not be due until January 22, 1988. On January 20, 1988, appellant repossessed the vehicle claiming Elizondo had defaulted. Shortly after the purchase, but before the repossession of the automobile, Elizondo brought the car to appellant for some repairs. Elizondo later discovered he needed some personal items left in the car. He returned to the lot with appellant to get them. When Elizondo entered the lot and approached his car, he was bitten by a guard dog that appellant kept on the premises. Elizondo sued appellant for damages arising from the dog bite, the car's repossession, usury, and failure to provide statutorily required notices of purchasers' rights in the purchase contract. The jury found for Elizondo on all issues, and further found against appellant on his cross-claim for breach of the purchase contract.

By his first point of error, appellant claims the trial court did not have subject matter jurisdiction because Elizondo pleaded an amount in controversy beyond the trial court's jurisdictional limit. Elizondo's original petition stated that "the amount in controversy is within the court's jurisdictional limit." Tex.R.Civ.P. 47(b).[1] However, the amount in his First Amended Original Petition, filed later, exceeded the county court at law's maximum limit. In this amended petition, Elizondo specifically pleaded $15,000 in actual damages, $5,000 in exemplary damages, pre-judgment and post-judgment interest, and $4,000 in attorney's fees for preparation and trial of the case.[2] Generally, the allegations in the plaintiff's petition determine the amount in controversy. *Picon Transp., Inc. v. Pomerantz,* 814 S.W.2d 489, 490 (Tex.App.—Dallas 1991, writ denied); *Nix v. Nix,* 797 S.W.2d 64, 65 (Tex.App.—Corpus Christi 1990, no writ). It includes actual damages, exemplary damages, and attorney's fees.[3] *See generally Mr. W. Fireworks, Inc. v. Mitchell,* 622 S.W.2d 576, 577 (Tex.1981); *Printing Center of Texas, Inc. v. Supermind Publishing Co.,* 669 S.W.2d 779, 785 (Tex.App.—Houston [14th Dist.] 1984, no writ). Pre-judgment and post-judgment interest are excluded from the amount in controversy in the Cameron County Court at Law. Tex.Gov't Code Ann. § 25.0332(a)(2) (Vernon 1989).

Our Supreme Court has held that a plaintiff may amend his petition to an amount exceeding the jurisdictional limits of the court if, by the subsequent amendment, the plaintiff seeks only additional damages which have resulted due to the passage of time. *Mr. W. Fireworks,* 622 S.W.2d at 577; *Flynt v. Garcia,* 587 S.W.2d 109, 110 (Tex.1979); *See also Nix,*

---

1. At the time suit was filed, the maximum amount in controversy for the Cameron County Court at Law was $20,000, excluding interest. Tex.Gov't Code Ann. § 25.0332 (Vernon 1988).

2. Elizondo pleaded additional attorney's fees, contingent upon appeal.

3. Since this case, the Government Code has been amended. It now provides that statutory county courts, in exercising civil jurisdiction concurrent with the constitutional county courts, have jurisdiction concurrent with the district court when the amount in controversy is greater than $500 but less than $100,000. Interest, exemplary damages, and attorney's fees are not included for determining the amount in controversy when the county court at law exercises concurrent jurisdiction with the constitutional county court. Tex.Gov't Code Ann. § 25.0003 (Vernon Supp.1992).

797 S.W.2d at 65. Here, the county court at law properly acquired jurisdiction over the case when Elizondo pleaded an amount "within the trial court's jurisdiction" in his original petition. Appellant never excepted to the amended petition, nor claimed that Elizondo pleaded in bad faith. The record does not show that Elizondo's amendment did anything other than seek additional attorney's fees accruing due to the further prosecution of the suit. As such, the amended petition did not divest the trial court of jurisdiction. *Mr. W. Fireworks*, 622 S.W.2d at 577; *Flynt v. Garcia*, 587 S.W.2d at 110; *See also Nix*, 797 S.W.2d at 65. We overrule point one.

■ By point two, appellant complains that no jury questions were submitted, and no findings obtained, to establish that appellant owned the dog and that the dog was vicious. He further claims that there is no evidence, or insufficient evidence, to support deemed findings on these issues. Therefore, appellant argues that, as a matter of law, liability cannot be imposed. To impose strict liability on the owner or keeper of a dangerous domesticated animal, the plaintiff must prove that: 1) the animal is of a vicious, dangerous, or mischievous nature, 2) the owner or keeper has actual or constructive knowledge of such characteristics, and 3) the injury or damage resulted from such propensities of which the owner or keeper had knowledge. *Wells v. Burns*, 480 S.W.2d 31, 33 (Tex.Civ.App.—El Paso 1972, no writ).

■ Appellant did not object to the jury charge as it was submitted. Therefore, we will deem found any elements omitted from the charge which are necessarily referable to the cause of action and which are supported by sufficient evidence in the record. *Hawes v. Central Texas Production Credit Assoc.*, 503 S.W.2d 234 (Tex.1973); Tex.R.Civ.P. 279. A defendant need not own the dog to be liable for injuries the animal causes by biting if the defendant knows the animal is vicious and allows a relative to keep it on his property. *See generally Powers v. Palacios*, 794 S.W.2d 493 (Tex.App.—Corpus Christi 1990), *rev'd on other grounds*, 813 S.W.2d

489 (Tex.1991); *Gamer v. Winchester*, 110 S.W.2d 1190 (Tex.Civ.App.—Fort Worth 1937, writ dism'd w.o.j.); *see also* 3 Tex. Jur.3d *Animal* § 73 (1980). Applying the well-known standard from *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456, 458 (Tex.1985); *Allied Fin. Co. v. Garza*, 626 S.W.2d 120, 125 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.), and Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960), we find that sufficient evidence supports the omitted findings that appellant kept the dog and that it bit Elizondo because it was vicious.

Appellant originally bought the dog as a pet for his children. Pictures revealed that J.R. was a medium-sized white spitz or husky. It was uncontroverted that J.R. belonged to appellant's son, but appellant kept the dog on the premises after closing, using it as a guard dog. Appellant admitted that the dog was dangerous (although "not really that dangerous") and that was why he kept it on the car lot. Ordinarily, appellant chained J.R. near the tool room to protect his tools. Years before Elizondo's injury, J.R. bit another man who was an invitee on the car lot. Appellant stated that, because the dog was dangerous, he posted a "Beware of Dog" sign. He further claimed that he warned Elizondo about the dog before he allowed him on the premises. Elizondo testified that appellant did not warn him about the dog. In fact, he was completely unaware of J.R.'s presence until he was bitten. No allegation was ever made at trial that Elizondo teased or provoked the dog in any way. We find that sufficient evidence supports the trial court's judgment. Point two is overruled.

Similarly, we overrule points three and four, by which appellant complains that no evidence or insufficient evidence supports the jury's findings that the dog was vicious and that appellant knew of its vicious propensities. The facts recited above demonstrate that the record contains sufficient evidence to support those findings.

■ By point five, appellant claims no factual basis exists for the award of exem-

plary damages. Appellant complains that the jury made no finding of fraud, malice, or gross negligence. Such findings are required for the imposition of exemplary damages. Tex.Civ.Prac. & Rem.Code Ann. § 31.004 (Vernon Supp.1992). Appellant further claims that no facts, or alternatively, insufficient facts show that he acted with conscious indifference to or flagrant disregard for Elizondo's rights. Once again, appellant made no objection to the jury charge. We find that sufficient evidence supports the award. Appellant himself testified that he knew the dog was dangerous, and that chained dogs are especially so. Appellant stated that, when he opened the gate and let Elizondo onto the premises, he warned him about the dog. He wanted to accompany Elizondo to the car, but Elizondo insisted upon going alone, and he ran off before appellant could stop him. However, appellant also testified that he did not yell after Elizondo, nor did he try to stop him or attempt to prevent the accident in any way. He simply stood at the gate waiting for Elizondo to return. Elizondo's testimony contradicted appellant's. As discussed above, Elizondo claimed that appellant never told him about the dog, never warned him, and that no warning sign was posted. We find the evidence sufficient to support the exemplary damages award. We overrule point five.

■ By point six, appellant complains that the jury's findings on DTPA are insufficient to support liability. Appellant argues that the jury questions were confusing, and that it is difficult to tell what cause of action was asserted and upon what facts the jury based its findings. Appellant's point of error is without merit. At the charge hearing, appellant's counsel stated that he had no objections to the charge. Elizondo's DTPA claim arose appellant's representations that the purchase agreement conferred certain rights and obligations which it did not, in fact, confer. Tex.Bus. & Comm.Code Ann. § 17.46(b)(12) (Vernon 1986). Namely, Elizondo asserted that the parties agreed to defer the first payment until late January. Yet, appellant repossessed the car on January 20, claim-

ing Elizondo missed three payments. Elizondo submitted questions to the jury regarding the representations appellant made about when payments were due. The jury found that those representations were false, misleading, and caused Elizondo damages. Point six is overruled.

■ By point seven, appellant claims there was no evidence to support the jury's finding that the first payment was due in late January. Appellant argues that the admission of evidence of any oral agreement regarding the due date of the first payment violates the parole evidence rule. Elizondo did not show that the contract was ambiguous, or that the written contract was based upon fraud or mistake. As such, the evidence is inadmissible and cannot be considered by this court. We disagree. Oral representations are not only admissible, but can serve as the basis of a DTPA action. *Weitzel v. Barnes*, 691 S.W.2d 598, 600 (Tex.1985). It is true that the written contract called for bi-weekly payments and contained no reference of a delayed first payment. However, Elizondo testified that appellant represented to him that the first installment would be due on January 22, 1988. The record contains sufficient evidence of this agreement. Point seven is overruled.

■ By point eight, appellant complains that the jury findings do not support imposition of liability under the Vehicle Installment Sales Act. Tex.Rev.Civ.Stat.Ann. art. 5069–7.01 *et seq.* (Vernon 1987). Appellant contends that Elizondo proved nothing more than that a lawful rate of interest was charged on the contract. We find that this point is also without merit. Elizondo alleged, and the jury found, that the parties negotiated in Spanish, and the written contract was in English. It was undisputed that appellant never supplied Elizondo with a copy of the written contract in Spanish. This constitutes a violation of article 5069–7.01(h-1)(v). Penalties and attorneys fees were assessed pursuant to article 5069–8.01(b).

■ By point nine, appellant contends that the jury's failure to find that Elizondo

breached the purchase contract was against the great weight and preponderance of the evidence. Appellant counterclaimed, alleging that Elizondo still had the car, had stopped making payments, and still owed $528 on the car, and that such evidence was established conclusively, without contradiction. Elizondo demonstrated that appellant did not credit all of his payments to the remaining balance. The jury may well have found that appellant did not, in fact, give Elizondo credit for those payments, and that Elizondo performed his contractual obligations. The jury's failure to find that Elizondo breached the purchase contract is not against the great weight and preponderance of the evidence. Point nine is overruled.

After carefully considering the entire record and all of the appellant's points of error, we find no reversible error. We AFFIRM the trial court's judgment.