# Court of Appeals

## Tenth Appellate District of Texas

10-23-00358-CV

In the Matter of the Marriage of
Brittany Lea Lannen and Clint Douglas Lannen

On appeal from the
County Court at Law of Bosque County, Texas
Senior Judge F.B. (Bob) McGregor Jr., presiding
Trial Court Cause No. CV23-164

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

In two issues, Brittany Lea Lannen appeals from the trial court's "Order Granting Defendant[ Clint Douglas Lannen]'s Special Exceptions and Motion to Dismiss."[1] We will reverse and remand.

## Background

Clint and Brittany divorced in 2014. The final decree of divorce provided:

*Agreement of Parties*

The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted

---

[1] Because the parties both have the same last name, we will hereinafter refer to each party by his or her respective first name.

by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Final Decree of Divorce.

The agreements in this Final Decree of Divorce were reached pursuant to the informal settlement process. This Final Decree of Divorce is stipulated to represent a merger of a[n] informal settlement agreement between the parties. To the extent there exist any differences between the informal settlement agreement and this Final Decree of Divorce, this Final Decree of Divorce shall control in all instances.

The divorce decree went on to describe the division of marital property between Clint and Brittany. In relevant part, the divorce decree gave Brittany certain real property and gave Clint

[t]he right to purchase the [certain real property] from BRITTANY L. LANNEN before any other person or entity is given the opportunity to purchase such land from BRITTANY L. LANNEN. This right to purchase the property is such that CLINT LANNEN must purchase the entire 69.5 acres should he exercise this right to purchase this property before the property is offered for sale to third parties. The 52 tract [*sic*] of this land will be sold at $1500 per acre to CLINT LANNEN should he chose [*sic*] to purchase the land. The remaining land will be sold at current market value to CLINT LANNEN  to be determined by a relator [*sic*] agreed upon by the parties under this provision for sale of the property.

The divorce decree also contained the following relevant "Special Provision":

IT IS ORDERED that BRITTANY LANNEN shall offer to sell the house and adjacent land at [the property's address] to CLINT LANNEN at $1,500 an acre for the 52 acre tract of land and at fair market value for the tract of land with the house on it before selling such house or land to any other person or entity. IT IS ORDERED THAT the parties shall agree on a realtor to determine the fair market value of the house if and when BRITTANY LANNEN decides to sell the property, house and land at and adjacent to [the property's address]. IT IS ORDERED

THAT if CLINT LANNEN decides to buy the 52 acres of land and House that he much [*sic*] purchase both the 52 acre tract of land and the house at the same time.

Several years after the divorce decree was signed, in 2023, Brittany filed the present lawsuit—a petition for declaratory judgment under chapter 37 of the Civil Practice and Remedies Code (the Uniform Declaratory Judgments Act (UDJA)).  In her amended petition in the present suit, Brittany asserted that the suit was being brought

> to determine a question of construction and validity arising under the contractual language found in the Final Decree of Divorce and obtain a declaration of rights, status, or other legal relations resulting from the Final Decree of Divorce.  Specifically, BRITTANY LEA LANNEN seeks a declaration that any right previously asserted by CLINT DOUGLAS LANNEN to purchase real estate held by BRITTANY LEA LANNEN is invalid, or has been waived by Defendant.

Clint answered Brittany's petition for declaratory judgment, generally denying Brittany's allegations.  Clint thereafter filed special exceptions and a motion to dismiss Brittany's suit on the grounds that her cause of action was an impermissible collateral attack on a prior judgment and that she therefore had no viable claim or cause of action for declaratory judgment.  Clint further asserted that the defect in Brittany's pleading could not be cured by amendment and that Brittany's suit should therefore be dismissed in its entirety with prejudice.

Following a hearing, the trial court signed an "Order Granting Defendant's Special Exceptions and Motion to Dismiss," which granted Clint's special exceptions and ordered that

> because [Brittany] has no viable claim or cause of action pursuant to the Declaratory Judgments Act by which to collaterally attack, modify, or interpret the prior judgment (the Final Decree of Divorce), [and] this defect cannot be cured by amendment, [Brittany]'s claims and this lawsuit are hereby DISMISSED, with prejudice to the right of [Brittany] to refile same or any part thereof.

## Issue One

In her first issue, Brittany contends that the trial court erred in granting Clint's special exceptions and motion to dismiss her amended petition for declaratory judgment "by failing to apply contract law to a property agreement incorporated into a Final Decree of Divorce."

AUTHORITY

A motion to dismiss based on a lack of subject matter jurisdiction is the functional equivalent of a plea to the jurisdiction. *In re Elamex, S.A. de C.V.*, 367 S.W.3d 891, 897 (Tex. App.—El Paso 2012, orig. proceeding); *Anderson v. City of San Antonio,* 120 S.W.3d 5, 7 (Tex. App.—San Antonio 2003, pet. denied). A plea to the jurisdiction is a dilatory plea that seeks dismissal for lack of subject-matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Whether a court has subject-matter jurisdiction is a question of law; therefore, we apply a *de novo* standard of review to a trial court's ruling

on a plea to the jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam).

A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When the plea challenges only the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in the plaintiff's favor and look to the pleader's intent. *Id.* If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect in jurisdiction, the plaintiff should ordinarily be given the opportunity to amend. *See id.* at 226–27. But if the pleadings affirmatively negate the existence of jurisdiction altogether, then a jurisdictional plea may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

If the plea challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the plea to the jurisdiction must be denied. *See id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the court rules on the plea to the jurisdiction as a

matter of law. *Id.* at 228. In ruling on a plea to the jurisdiction, a court may

not weigh the merits of the parties' claims but must consider only the plaintiff's

pleadings and the evidence pertinent to the jurisdictional inquiry. *County of*

*Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

Under the UDJA,

> [a] person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.002(a), .004(a). The purpose of a

declaratory-judgment action is "to settle and to afford relief from uncertainty

and insecurity with respect to rights, status, and other legal relations." *Id.* §

37.002(b). But a declaratory judgment is appropriate only if a justiciable

controversy exists as to the rights and status of the parties and if the

controversy will be resolved by the declaration sought. *Bonham State Bank v.*

*Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). Otherwise, the trial court's judgment

will constitute no more than an impermissible advisory opinion. *Martin v.*

*Dosohs I, Ltd., Inc.*, 2 S.W.3d 350, 353 (Tex. App.—San Antonio 1999, pet.

denied).

"Collateral attacks on final judgments are generally disallowed because

it is the policy of the law to give finality to the judgments of the courts."

*Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005). "A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Id.* at 346. Accordingly, Texas courts have generally held that the use of a declaratory-judgment action to attack, modify, or "interpret" a prior judgment, including a final divorce decree, is an impermissible collateral attack on the prior judgment.[2] *Martin*, 2 S.W.3d at 353–54; *see, e.g.*, *Segrest v. Segrest*, 649 S.W.2d 610, 611–13 (Tex. 1983) (disapproving of use of declaratory judgment as tool to collaterally attack final divorce decree); *Cohen v. Cohen*, 632 S.W.2d 172, 173–74 (Tex. App.—Waco 1982, no writ) (holding final divorce judgment not subject to collateral attack by subsequent declaratory-judgment suit); *Wilbourne v. HFE Dev. Corp.*, No. 03-08-00430-CV, 2009 WL 4757451, at *5–7 (Tex. App.—Austin Dec. 9, 2009, no pet.) (mem. op.) (holding declaratory-judgment action to declare prior judgment "unenforceable, discharged and satisfied" was barred as impermissible collateral attack). Only a void judgment may be collaterally attacked. *Browning*, 165 S.W.3d at 346.

---

[2] The Texas Supreme Court has explained that "[a] suit to 'interpret' a judgment is usually a guise to obtain review or modification of a judgment outside of the appellate process or an attempt to collaterally attack a judgment." *Bonham State Bank*, 907 S.W.2d at 468.

On the other hand, the Family Code specifies that the trial court that rendered the final divorce decree generally retains continuing subject-matter jurisdiction to clarify and to enforce the divorce decree's property division. *See* TEX. FAM. CODE ANN. §§ 9.002, 9.008. This authority generally includes the power to enforce any contractual provisions under the terms of an agreement incident to divorce that was approved by the court.[3] *Id.* § 9.002. The Family Code expressly states, however:

> A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.

*Id.* § 9.007(a).

Additionally, the Texas Supreme Court has explained: "A marital property agreement, although incorporated into a final divorce decree, is treated as a contract and its legal force and meaning are governed by the law

---

[3] Section 7.006 of the Family Code, entitled "Agreement Incident to Divorce or Annulment," provides in pertinent part:

> (a) To promote amicable settlement of disputes in a suit for divorce or annulment, the spouses may enter into a written agreement concerning the division of the property and the liabilities of the spouses and maintenance of either spouse. The agreement may be revised or repudiated before rendition of the divorce or annulment unless the agreement is binding under another rule of law.

> (b) If the court finds that the terms of the written agreement in a divorce or an annulment are just and right, those terms are binding on the court. If the court approves the agreement, the court may set forth the agreement in full or incorporate the agreement by reference in the final decree.

*Id.* § 7.006(a), (b).

of contracts, not the law of judgments." *Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986). Accordingly, Texas courts have held that a trial court has subject-matter jurisdiction over a post-divorce action brought under legal authority other than the Family Code, including under the UDJA, when the post-divorce action is to enforce a party's contractual rights to property acquired under the terms of a marital property agreement, even though the agreement is incorporated into the final divorce decree. *See, e.g.*, *id.* (affirming trial court's judgment in favor of plaintiff in post-divorce action for reformation of marital property agreement incorporated into final divorce decree); *Dailey v. McAfee*, No. 01-18-01060-CV, 2020 WL 4758429, at \*2, 6 (Tex. App.—Houston [1st Dist.] Aug. 18, 2020, no pet.) (mem. op.) (concluding probate court had subject-matter jurisdiction over post-divorce declaratory-judgment action to enforce contract rights acquired under final divorce decree); *Chavez v. McNeely*, 287 S.W.3d 840, 842, 844–45 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (concluding district court that did not render final divorce decree had subject-matter jurisdiction over post-divorce breach-of-contract action that was based on agreement incorporated into final divorce decree); *Buck v. Rogers*, 709 S.W.2d 283, 285 (Tex. App—Corpus Christi–Edinburg 1986, no writ) (holding trial court had jurisdiction to render declaratory judgment regarding property settlement agreement incorporated into parties' prior divorce decree, noting agreement, which was approved by the court, is treated as contract). But even

so, a trial court does not have subject-matter jurisdiction over a post-divorce action to change the terms of the property settlement agreement and divorce decree. *See Segrest*, 649 S.W.2d at 611–13 (disapproving of use of post-divorce declaratory-judgment action seeking determination of validity and enforceability of portion of property settlement agreement incorporated into final divorce decree as collateral attack on final judgment); *Lee v. Johnson*, 858 S.W.2d 58, 59–61 (Tex. App.—Houston [14th Dist.] 1993, no writ) (concluding declaratory-judgment action could not be used to change terms of property settlement agreement and divorce decree into which agreement was incorporated).

DISCUSSION

Brittany argues that her declaratory-judgment action was appropriate because she was not seeking to attack, modify, or interpret the final decree of divorce but was seeking to declare her contractual rights under the property agreement that was incorporated into the final decree of divorce.

Here, Brittany filed her amended petition with exhibits attached. *See generally State v. BP Am. Prod. Co.*, 290 S.W.3d 345, 349–50 (Tex. App.—Austin 2009, pet. denied) ("In resolving the jurisdictional challenges presented by the plea, we may . . . consider evidence that the pleader has attached to its petition or submitted in opposition to the plea."). The exhibits included a copy of the final divorce decree, which shows that, in the divorce proceeding, Clint

and Brittany reached an agreement regarding the division of their marital property, which was then incorporated into the divorce decree. The property settlement agreement between Clint and Brittany should therefore have been treated as a contract, and the trial court thus had subject-matter jurisdiction over Brittany's post-divorce declaratory-judgment action as long as it sought to construe the property settlement agreement and not to change the agreement and divorce decree. *Compare Allen*, 717 S.W.2d at 313, *and Dailey*, 2020 WL 4758429, at \*2, 6, *and Chavez*, 287 S.W.3d at 842, 844–45, *and Buck*, 709 S.W.2d at 285, *with Segrest*, 649 S.W.2d at 611–13, *and Lee*, 858 S.W.2d at 59–61.

Brittany did not indicate in her amended petition for declaratory judgment that either the property settlement agreement or the divorce decree was erroneous when it was signed. Rather, construing Brittany's amended petition liberally in her favor, we conclude that the basis of her declaratory-judgment action was to clarify her and Clint's contractual rights under the option contract/right of first refusal included in the property settlement agreement in order to then determine compliance with the agreement. Accordingly, Brittany's declaratory-judgment action was to construe the property settlement agreement incorporated into the divorce decree, not to collaterally attack the divorce decree by attempting to change the agreement and divorce decree. *Cf., e.g., Lee*, 858 S.W.2d at 59–61.

The trial court therefore had subject-matter jurisdiction over Brittany's declaratory-judgment action. *See, e.g., Allen*, 717 S.W.2d at 313; *Dailey*, 2020 WL 4758429, at \*2, 6; *Chavez*, 287 S.W.3d at 842, 844–45; *Buck*, 709 S.W.2d at 285. Thus, the trial court erred in granting Clint's special exceptions and dismissing Brittany's declaratory-judgment action. Brittany's first issue is sustained.[4]

## Issue Two

In her second issue, Brittany contends that the trial court erred in granting Clint's special exceptions and motion to dismiss her amended petition for declaratory judgment by failing to allow her an opportunity to amend her pleadings. Having sustained Brittany's first issue, we need not address her second issue. *See* TEX. R. APP. P. 47.1.

## Conclusion

In light of the foregoing, the trial court's "Order Granting Defendant's Special Exceptions and Motion to Dismiss" is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

---

[4] We express no opinion on the merits of Brittany's declaratory-judgment action. *See Brown*, 80 S.W.3d at 555 ("In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry.").

_____
MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  January 29, 2026

Before Chief Justice Johnson,
        Justice Smith, and
        Justice Harris
Reversed and remanded
CV06

